## BEVERLY HILLS NAT. BANK & TRUST CO. et al. v. LAIL.

### No. 2935.

Court of Civil Appeals of Texas. Eastland.

May 30, 1952.

Rehearing Denied June 27, 1952.

Beverly Potthoff, Scarborough, Yates, Scarborough & Black, Abilene, for appellants.

Wagstaff, Harwell, Wagstaff & Alvis, Abilene, for appellee.

LONG, Justice.

Robert L. Lail instituted this suit in trespass to try title against the heirs and legal representatives of Jasper E. Lail, deceased, to recover the North one-half of Section 151, Block 64, H. & T. C. R. R. Co. Land in Taylor County, Texas. This land had been purchased from the H. & T. C. R. R. Co. on or about December 2, 1909, and the title thereto taken in the name of Jasper E. Lail. Robert L. Lail claimed title on the theory that he furnished the money to pay for the land and that although the deed was taken in the name of his father, Jasper E. Lail, that said Jasper E. Lail was holding the same in trust for Robert L. Lail. In answer to a special issue, the jury found that Jasper E. Lail was holding the land in trust for Robert L. Lail. The court entered judgment giving Robert L. Lail title and possession of the land. Appellants have appealed.

Appellee introduced in evidence a document written as the last will and testament of Jasper E. Lail executed on June

305

6, 1936. The second paragraph of said will was as follows:

"Second. To my oldest son, R. L. Lail, I give, devise and bequeath the North One-half of Section No. 151, Block No. 164, of the H. & T. C. R. R. Co. Survey, of Taylor County, Texas, in fee simple, because in reality he owns the property, and the title of same is merely in my name in trust for my use during my life."

Appellee also introduced in evidence two checks signed by Jasper E. Lail, payable to Robert L. Lail, dated January 6, 1950, in the amounts of $2,880 and $3,380. The first check was endorsed on the back as follows:

"Oil Bonus on 320 acres of section 151, Taylor Co., Texas. 320 acres at $9.00 per acre, $2,880.00 R. L. Lail."

The check for $3,380 bore the following endorsement:

"Grazing lease on 320 acres of section 151, Taylor Co., Texas, 20 Years 65¢ per acre, $4,-160.00., Dec. 1, 1949 to June 1, 1950, at 75¢ per acre   120.00

"$4,280.00
"Less taxes (20 years)   400.00
"Less 1 mile fence   500.00

"Balance ........ $3,380.00
"R. L. Lail."

There was also in evidence the last will and testament of Jasper E. Lail dated January 23, 1950, whereby he revoked the will executed by him in 1936. In the will of 1950, Jasper E. Lail made no mention of the fact that he was holding the land in question in trust for his son, Robert L. Lail. Appellants offered the testimony of Mrs. Mary Arnold Lail, wife of one of the sons of Jasper E. Lail, deceased, wherein she would have testified that her father-in-law, Jasper E. Lail, prepared the following document and asked all of his children to sign it:

"This agreement entered into this 18th day of December, 1949, by and between J. E. Lail and Sara Frances Lail, his wife, party of the first part, and their children, named as following:

"R. L. Lail, Jessie S. Hankla, P. F. Lail, Ernest Lail and John O. Lail

"known hereafter in this agreement, as parties of the second part.

"Witnesseth: That whereas under this agreement, J. E. Lail and Sara Frances Lail, his wife, as first parties, do not owe any debts or obligations, in any way, shape, form or fashion to the said R. L. Lail, Jessie S. Hankla, P. F. Lail, Ernest Lail and John O. Lail, second parties hereto as second party. The first parties are free from all obligations to the parties of the second part. Any and all expenditures by either member of the second party, have been reimbursed in cash, or by check, by J. E. Lail and Sara Frances Lail, his wife, party of the first part.

"In witness whereof the parties have executed this indenture the day and year hereinafter mentioned.

"J. E. Lail
"Sara Frances Lail
"Parties of the first part.
"Jessie L. Sandefur Hankla
"P. F. Lail
"Ernest Lail and
"John O. Lail
"Parties of the second part."

Mary Arnold Lail testified in connection with the above instrument as follows:

"Q. Was this document signed by all the parties that were named herein? A. Yes, all but R. L. Lail.

"Q. All except R. L. Lail? A. Yes.

"Q. What, if anything, did he do about it; did he read the document? A. Yes, sir.

"Q. After he read it what did he say about it? A. He thought it was a very good idea and that we should all sign it.

"Q. What did he say? A. That's what he said.

"Q. Repeat, as nearly as you can. A. He said it was a very good idea; that he thought we should all sign it but he didn't sign it at this time.

"Q. At that time? A. Yes, sir.

"Q. But he was willing to sign it? A. He said it was a good idea and he thought we should all sign it and he was willing to sign it but he couldn't sign it at that time.

"Q. Couldn't sign it at that time? A. Yes, sir."

■ Appellee objected to this testimony for various reasons, among others that the instrument in question was not signed by Robert L. Lail and it was irrelevant and immaterial. The trial court sustained the objections of appellee to the introduction of the above instrument and the evidence relative thereto and appellants assigned as error this action of the court. We believe the above testimony was admissible. Appellee relied upon the declaration in the first will of Jasper E. Lail to the effect that he was holding the land in question in trust for Robert L. Lail and on the two checks dated January 6, 1950. It is the contention of appellee that the two checks with the writing on the backs thereof are conclusive that Jasper E. Lail recognized that Robert L. Lail owned the land. We do not agree with this contention. It is not conclusively shown that the writing was placed thereon with the knowledge or consent of Jasper E. Lail. There is evidence that the written portions of said checks, including the writing on the backs thereof, were all in the handwriting of Robert L. Lail, except the signature of Jasper E. Lail. The recitals on the checks that they were given to the son in payment of an oil lease bonus, apparently received by the father for a lease of the son's land, and for the father's use of the son's grass on the land, are in accord with the father's statement in the 1936 will that the land was owned by the son but they are, at least in part, in conflict with the portion of the father's statement, introduced by Robert, that the father owned a life estate in the land. If the father owned a life estate he certainly did not owe to Robert all the money received as an oil lease bonus nor the value of the use of the grass growing on said land during the father's life. It is, therefore, our conclusion that the excluded evidence would tend to discredit the conclusiveness of the checks and is, therefore, material upon the very issue to be determined by the jury. When Robert L. Lail was confronted with the written instrument prepared by his father which was to the effect that his father did not owe him any money, Robert L. Lail did not contend that the statements therein were not true but to the contrary, agreed, in substance, that such statements were true. When the excluded evidence is considered in connection with the statement made in the will executed in 1936, that Jasper E. Lail was to have the use of the land during his lifetime, it tends to discredit the theory of appellee that his father recognized his interest in the land when he gave the two checks in question. If there had been evidence that Robert L. Lail had made the statement a short time prior to the delivery of the two checks that his father did not owe him any money, it could not be seriously contended that such evidence would not be admissible to contradict the notations on the checks. The evidence excluded was to the effect that Robert L. Lail admitted his father was not indebted to him in any way. Any act or conduct of a person which may fairly be interpreted as an admission against interest upon a material issue may be shown in evidence against him. Conduct of a person inconsistent with his contention at the time of trial is clearly admissible. 17 Tex.Jur., 555; McCormick and Ray, Texas Law of Evidence, Sec. 501–504. The statements made by Robert L. Lail which were excluded are inconsistent with his theory of this case and with his contentions in the trial thereof. We have carefully considered this matter and have concluded that the excluded testimony was material and should have been admitted.

■ We find no merit in the other point raised by appellant to the effect that the court erred in admitting the will of Jasper E. Lail dated in 1936. The recitals in said will were clearly a declaration against interest on the part of Jasper E. Lail and, therefore, admissible.

For the reasons assigned, the judgment of the trial court is reversed and the cause remanded.