Edith Eloise LEIGH, Appellant,

v.

James E. WEINER, et al., Appellees.

No. B14–83–755CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 12, 1984.

David L. Thornton, Houston, for appellant.

Joe G. Roady, Sheinfeld, Maley & Kay, Houston, for appellees.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a judgment which imposes a constructive trust for the benefit of appellees on property which was devised by the Last Will and Testament of Marie Mae Weiner, deceased, to appellant, Edith Eloise Leigh. We affirm the judgment of the trial court.

Appellees are the children of James A. Weiner from his first marriage. After James Weiner's first marriage was terminated, he married Marie Mae Weiner about 1923. No children were born or adopted during his marriage to Marie Weiner.

James Weiner died in 1952 and there was no administration of his estate. In 1953, Mrs. Weiner executed a Will leaving all her estate, except for some personal property, to Mr. Weiner's children, the appellees. In 1978, Mrs. Weiner revoked the 1953 Will and executed a new Will in which she devised her entire estate, except for $100, to appellant. Mrs. Weiner died five weeks later at the age of ninety-five.

Appellees filed a contest to the probate of the 1978 Will and as an alternative, a suit to impose a constructive trust for the benefit of appellees on property in the estate of Marie Weiner. Appellees allege in their petition that an agreement existed between James and Marie Weiner that James Weiner would place real estate and stock in the name of Marie Weiner in exchange for the promise of Marie Weiner that she would spend only the income therefrom and would will to James Weiner's children the real estate, stock, and remaining cash. Appellees allege that James Weiner performed his part of the agreement by acquiring certain real estate and stock in the name of Marie Weiner. Appellees allege that Marie Weiner breached this promise through execution of the 1978 Will and appellees sought as a remedy the imposition of a constructive trust on the property which was to be devised to them at Marie Weiner's death.

The trial court directed a verdict in favor of appellant that the 1978 Will of Marie Weiner was her valid Last Will and Testament and severed out for trial appellees' claim seeking the imposition of a constructive trust. At trial the jury made the following findings:

1) Marie Weiner and James Weiner made an agreement concerning the disposition of property upon the death of the survivor;

2) That such agreement was that certain property would be purchased in the name of Marie Weiner, and that if James Weiner died first, certain property would be willed by Marie Weiner to the children of James Weiner;

3) That the following properties were to be willed under such agreement:

(a) the Colgate Street house;

(b) the shares of stock owned at the time of James Weiner's death on 6–21–52;

(c) any stock splits earned by shares of stock owned at the time of James Weiner's death on 6–21–52;

(d) any U.S. Savings Bonds owned at the time of James Weiner's death;

4) The personal belongings and furnishings in the Colgate Street house were found not to be willed under the agreement.

The trial court rendered judgment that a constructive trust for the benefit of appellees be imposed on the property covered by the agreement.

▪ Appellant contends in its first three points of error that the imposition of a constructive trust by the trial court in this case contravenes the statute of wills, the statute of frauds, and the Texas Trust Act. We must overrule appellant's contentions because the Supreme Court has held that the constructive trust is not within these statutes or is an exception to them. The constructive trust is the creature of equity and does not arise out of the parol agreement of the parties. *Pope v. Garrett,* 147 Tex. 18, 211 S.W.2d 559, 561 (1948); *Mills v. Gray,* 147 Tex. 33, 210 S.W.2d 985 (1948); *Rankin v. Naftalis,* 557 S.W.2d 940, 944 (Tex.1977).

In *Williams v. Bartlett,* 254 S.W.2d 559 (Tex.Civ.App.—Waco 1952, writ ref'd n.r.e.) the jury in response to special issues that the testator, at the time of the execution of his Will, had an agreement with his wife to whom he gave his entire estate, that she would after his death execute a Will leaving one-half of all the property she might have at her death to her husband's relatives. The wife actually made such a Will after the death of the testator, but later, becoming displeased with a member of the family, revoked and made another Will in which none of testator's family were named as beneficiaries. Plaintiffs, relatives of the husband, sued after the wife's death to impress a constructive trust on one-half the property left the wife. The trial court granted judgment n.o.v. and entered judgment that plaintiffs take nothing. Appellant contends that the reason the court of appeals affirmed the judgment was because there was no provision in the Will which imposed on the wife an obligation to carry out the parol agreement. Appellant argues that under the holding in *Williams,* that since there is no writing in this case which obligated Mrs. Weiner to carry out the wishes of Mr. Weiner, that enforcement of the agreement would violate the statute of wills.

Appellant has badly misconstrued the court's holding in *Williams.* The court took the view that the provisions of the Will clearly stated that the testator did not intend to impose an obligation upon his wife to carry his request for distribution into effect. The Will stated: "I give to my ... wife ... all my property ... to do with as she chooses—trusting her to do the proper thing towards all relatives but leaving everything wholly to her discretion." The court affirmed the judgment not because the Will failed to obligate the wife to carry out testator's preferred disposition, but because an express provision in the Will stated, contrary to the agreement found by the jury, that the disposition of the property was to be within the discretion of the wife. This clear expression of intent in the Will prevented the trial court from imposing a constructive trust which would violate this intent. *Williams* does not require that the agreement which forms the basis for the imposition of a constructive trust be expressed in writing. In this case there is no Will or other writing which granted Mrs. Weiner unbridled discretion to dispose of her estate property and therefore no obstacle to the imposition of a constructive trust.

We accordingly overrule appellant's first three points of error.

▪ Appellant contends in her fourth point of error that appellee's suit for the imposition of a constructive trust was barred by the statute of limitations. Appellant asserts that appellee's cause accrued at James Weiner's death in 1952. This position is completely without merit. The agreement found by the jury was that Mrs. Weiner would at her death leave her estate to Mr. Weiner's children. This agreement was not breached until Mrs. Weiner died with a Will disposing of her estate contrary to the agreement. It is

fundamental that cause for breach of a fiduciary duty imposed by agreement does not accrue until the duty is breached. Point of error four is overruled.

■ In point of error five appellant contends that the trial court's judgment is based on an erroneous application of the secret trust theory. We need not consider this point of error because the judgment of the trial court need not be founded on the secret trust theory. As stated in *Mills v. Gray*, 147 Tex. 33, 210 S.W.2d 985, 988 (1948),

A constructive trust arises where a conveyance is induced on the agreement of a fiduciary or confidant to hold in trust for a reconveyance or other purpose, where the fiduciary or confidential relationship is one upon which the grantor justifiably can and does rely and where the agreement is breached, since the breach of the agreement is an abuse of the confidence, and it is not necessary to establish such a trust to show fraud or intent not to perform the agreement when it was made.

Thus the trial court's judgment is supported by the legal theory that a constructive trust may be imposed to remedy the breach of an agreement by a fiduciary to later convey certain property.

Appellant contends in its sixth point of error that the trial court erred in admitting the testimony of Ms. Leon Morse and Mary Wood because it is hearsay. These two witnesses testified as to the existence and content of the agreement as found by the jury. Neither of these witnesses were present at the time the agreement was made; they testified as to what they heard Mr. and Mrs. Weiner say concerning the agreement after it was made. This testimony is hearsay.

■ However, the testimony concerning the statements by Mrs. Weiner was admissible under the exception of declarations against the pecuniary or proprietary interest of the declarant. *Beverly Hills National Bank & Trust Co. v. Lail*, 250 S.W.2d 305 (Tex.Civ.App.—Eastland 1952, writ ref'd n.r.e.); Tex.R.Evid. 803(24) (Special Pamphlet 1984). Any statements by

Mrs. Weiner that she had promised to leave her estate to Mr. Weiner's children would constitute declarations against her pecuniary interest and evidence as to these declarations would be admissible. In *Nye v. Bradford*, 144 Tex. 618, 193 S.W.2d 165, 168 (1946), the Supreme Court, in a case where plaintiff was seeking to prove the existence of a parol agreement to make a will, held that evidence as to declarations of the promisor, relation or conduct of the parties and other facts and circumstances, that tend to prove that an agreement was made is admissible. Likewise, the testimony of Ms. Leon Morse and Mary Wood which tends to prove an agreement between Mr. and Mrs. Weiner is admissible.

Appellant's sixth point of error is overruled.

■ Appellant contends in her tenth point of error that the trial court erred in refusing appellant's request to submit an issue to the jury inquiring as to the revocability of the alleged agreement. We find no evidence in the record indicating the agreement was revocable. Appellees did not have the burden to prove that the agreement was irrevocable. The trial court correctly refused to submit this issue because it was not supported by the evidence. TEX.R.CIV.P. 279.

■ Appellant contends in her seventh point of error that there is no evidence to support the jury finding in special issue one that Marie Weiner and James Weiner made an agreement concerning the disposition of the property on the death of the survivor. Under this point appellant argues that the agreement, as testified to by appellees' witnesses, is too vague and uncertain to be legally enforceable. This argument bears no relation to appellant's point of error and it is therefore not necessary to respond to it.

Appellees produced three witnesses who testified to the existence of an agreement made between Marie Weiner and James Weiner concerning the disposition of property at the death of Marie Weiner.

Mary Wood testified:

"And my uncle said, 'Now, Marie, when we—whoever dies first, we will make a Will and leave everything to my children.' And she said, 'Yes, Jim, I agree with that.'"

The testimony of these witnesses is evidence supporting the jury's finding; we therefore overrule point of error seven.

■ Appellant contends in her eighth point of error that there is no evidence to support the jury finding on special issue two that certain property would be purchased in the name of Marie Weiner, and if James Weiner died first, certain property would be willed by Marie Weiner to the children of James Weiner. Appellant first argues there is no evidence that James Weiner had interest in property which he either transferred or purchased in the name of Marie Weiner.

The following testimony at trial demonstrates that this contention is without merit. Mary Wood testified:

"... my uncle said, 'Well, one thing I have Marie well taken care of. And we have agreed that I put everything in her name and she will leave everything to my children.'"

Leona Morse testified:

"When Mr. and Mrs. Weiner bought the house, there was a discussion which came up. Mr. Weiner said this, 'Now, I have the house in Mrs. Weiner's name.'"

"He (James Weiner) said, 'I have made every provision made to take care of my wife after I die. I have the house in her name and she will always have a place to live. I have investments; I have enough that she can live on the income...'"

Mabel McGlynn testified that Mr. Weiner put bonds in Mrs. Weiner's name about five years before he died.

Appellant also contends that special issue two is so vague and uncertain as to confuse the jury and that there is a fatal variance between special issues one and two. These contentions are irrelevant to and do not support appellant's no evidence point of error.

Point of error eight is overruled.

Appellant contends in her ninth point of error that there is no evidence to support the jury finding to special issue three that specific properties were to be willed by Mrs. Weiner under the agreement between her and Mr. Weiner. Appellant's argument is based on the assumption that the agreement was made before 1927 and that the agreement only covered property which Mr. Weiner owned at the time the agreement was made. Appellant argues that since there is no evidence as to what property Mr. Weiner owned prior to 1927 that special issue three is not supported by the evidence.

■ In considering legal insufficiency points of error the court will consider only the evidence tending to support the finding, viewing it in the most favorable light in support of the finding, and disregarding all conflicting evidence. *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex. 1981); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). The jury's finding to special issue three is supported by testimony of Mary Wood that the agreement was to cover all the property owned by the Weiners and that everything that Mrs. Weiner possesses at her death would be left to the children. Mabel McGlynn testified the agreement was that the children were to get "the house and money that was left." The specific property which the jury found to be covered by the agreement was all property within the estate of Mrs. Weiner with the exception of some personal items. The jury's finding is consistent with the agreement as testified to by Mary Wood and Mable McGlynn. We find sufficient evidence to support the jury finding to special issue three.

Appellant refers to the testimony of Leona Morse that the agreement covered only the property owned by the Weiners at the time the agreement was made. This testimony is contrary to the testimony of Mary Wood and Mable McGlynn and it is not proper for this court to consider this testimony when reviewing a no evidence point of error.

Point of error nine is overruled.

Having found no error by the trial court, we affirm the judgment of the trial court in all respects.