## PETERSON v. MARTIN et al.

### No. 4440.

Court of Civil Appeals of Texas. Texarkana.

March 15, 1934.

Rehearing Denied March 22, 1934.

Cunningham & Lipscomb, of Bonham, for appellant.

S. F. Leslie and Sam E. Neilson, both of Bonham, for appellees.

SELLERS, Justice.

The suit was by Myrtle Peterson, individually and as administratrix of the estate of A. C. Peterson, deceased, and as next friend of Mary Ann Peterson, against John Martin, who was also known as John L. Peterson, and Mary Dunham and her husband, R. F. Dunham, to recover certain land and personal property. Mary Dunham and her husband filed a disclaimer of any interest in the land and personal property. John Martin, or John L. Peterson as he was called, disclaimed any interest in the land except 80 acres of the J. M. Sharp survey. John Martin, or Peterson, claimed title to the 80 acres of land by virtue of a verbal gift to him about November 11, 1914, by A. C. Peterson and his wife, Emma Peterson, alleging possession and permanent and valuable improvements. He also pleaded adverse possession of the 80 acres under the statute of ten years' limitation. By way of cross-action, the defendant John Martin, or Peterson, sued for possession of certain articles of personal property in possession of the plaintiff.

It appears that A. C. Peterson was twice married, once to Emma Peterson, who died April 3, 1920, leaving a will devising all of her interest in property to her husband, A. C. Peterson. The will was duly probated. Emma Peterson and A. C. Peterson had no children, but they took the defendant John Martin, whose mother and father were dead, when a very small child, and reared him. They also reared Mary Dunham. After the death of his first wife, A. C. Peterson married Myrtle Peterson, and they had one child, Mary Ann Peterson. A. C. Peterson died June 7, 1931, survived by his wife, Myrtle Peterson, and child, Mary Ann Peterson. John Martin, or John L. Peterson as he was called by name, married Gertrude Cox about December 5, 1914, and they thereafter lived on the 80 acres of land in controversy. There is proof that A. C. Peterson and Emma Peterson gave the 80 acres of land to John Martin, or Peterson, before the marriage to Gertrude Cox. The case was submitted to the jury, and they made answers, viz.:

"Q. 1: Do you find from a preponderance of the evidence that A. C. Peterson and Emma Peterson by verbal gift gave to John L. Peterson the eighty acres of the J. M. Sharp Survey?" Answer: "Yes, they did."

"Q. 2: Do you find from a preponderance of the evidence that John L. Peterson took and held possession of said land from and after the date of said gift?" Answer: "Yes."

"Q. 3: Do you find from a preponderance of the evidence that defendant John L. Peterson has made valuable improvements on said eighty acres since said gift?" Answer: "Yes."

"Q. 4: Do you find from a preponderance of the evidence that John L. Peterson held peaceable and adverse possession of the eighty acres in controversy, cultivating, using or enjoying the same for a period of ten years prior to the 14th day of September, 1931?" (The date said suit was filed). Answer: "Yes."

The remainder of the jury questions relate to articles of personal property; the jury finding that John L. Peterson did not have in his possession any of the property set out in the plaintiff's petition and finding that the plaintiff Myrtle Peterson did have in her possession articles of personal property belonging to John L. Peterson, naming the articles. The answers of the jury to the questions submitted are hereby adopted as the facts of the case.

The court rendered judgment for the plaintiff for all the land sued for except the 80 acres in the J. M. Sharp survey claimed by John L. Peterson; and, in keeping with the verdict of the jury, rendered judgment in favor of John L. Martin, known as and called John L. Peterson, for the 80 acres of land and personal property.

The findings of the jury on issues Nos. 1 and 4 are questioned as to sufficiency of the evidence to support them. There is evidence going to show a gift and possession thereunder. In the possession and improvements made on the property under the claim of gift, there is in such evidence the factual element of adverse possession and claim against A. C. Peterson.

■ The complaint of the evidence given by Mrs. John L. Peterson as to statements made to her by A. C. Peterson may not be deemed sufficient reversible error, since the trial court, as the record shows, withdrew his original ruling admitting it and struck the same out of the record and instructed the jury not to consider same.

■ We have considered the objections made to the testimony of the witnesses Cox, Mabry, Benton, and Tarpley, and do not think that their testimony should be deemed inadmissible. It is claimed that the testimony was incompetent as statements made by Mrs. Emma Peterson, now deceased. The witnesses testifying were not parties to the suit nor did they have interest in any wise in the land or the gift made. The land was the community property of A. C. Peterson and his wife, Emma Peterson. It was alleged that Mrs. Emma Peterson was a party to the gift of the land, she joining in the gift with her husband. The statements or admissions of Mrs. Emma Peterson to the effect that she had consented and joined in the gift of the land to John Martin, or Peterson, is not without probative force. Such evidence would operate to make valid the gift and remove all doubt of unfairness to the wife. It affirmatively established that the husband was not acting alone, giving to a stranger and not an heir the interest of the wife in community property.

■ An attorney was offered as a witness as to certain statements of A. C. Peterson. The relationship of attorney and client was shown between him and A. C. Peterson, deceased, in respect to the statements sought to be offered in evidence, and then the attorney stated to the court that "I would rather not testify" as to the statements asked about. The court did not require the attorney to testify. It was not error. 5 Jones' Commentaries on Evidence, § 2155, pp. 4084 and 4092.

In Ex parte Lipscomb, 111 Tex. 409, 239 S. W. 1101, 1103, it is said, "Where the attorney objects to testifying upon the ground of privilege, it is to be regarded as the objection of the client."

We have considered all the assignments of error, and are of the opinion that they should be overruled.

The judgment is affirmed.