**WHITTEN et al. v. DETHLOFF et al.**

No. 14965.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 1, 1948.

**482**

C. T. Gettys and J. V. Patterson, both of Decatur, for appellants.

Donald & Donald, of Bowie, for appellees.

SPEER, Justice.

Plaintiffs, J. H. Whitten and T. D. Lester, filed this suit on February 2, 1944, in short form of trespass to try title against Louella Dethloff (the widow of Charlie Dethloff, deceased) and her six children to recover about 89 acres of land in Wise County, Texas. The land was erroneously described in the original petition but by amendment filed November 12, 1947, and refiled January 12, 1948, a proper description was given. The record discloses that all of the six named children were of full age. Plaintiffs alleged entry by defendants and ejection of plaintiffs on January 1, 1946.

The judgment reveals that all of said six children filed disclaimers of interest in which they asserted that their mother, Louella Dethloff, owned the land.

Mrs. Louella Dethloff answered by general denial, not guilty and claimed title by parol gift from her father-in-law, Joseph Dethloff, in 1932. She also claimed title under the ten year statute of limitation. Vernon's Ann.Civ.St. art. 5510.

Trial was to a jury on special issues; the verdict was in all respects favorable to defendant, Louella Dethloff. Judgment was entered for her on the verdict and plaintiffs have appealed.

At the outset appellee argues that this court has never acquired jurisdiction because of a failure to timely file an appeal bond. The amended motion for new trial by plaintiffs was overruled, exception noted and notice of appeal given on March 19, 1948. The appeal bond was approved and filed on April 19, 1948, the thirty-first day after the date of the order appealed from, but the thirtieth day fell on Sunday. Under Rule 4, Texas Rules of Civil Procedure, the bond was timely filed conferring jurisdiction on this court.

Appellants have brought forward ten points of error in their brief. They brief only the first, second, third and tenth points; those not briefed must be considered as waived. Rayburn v. Giles, Tex. Civ.App., 182 S.W.2d 9, error refused.

The first point, in substance, asserts error of the court in entering judgment for defendant upon the verdict because the verdict was contrary to the law and the evidence. ("Germane to assignment of error No. 1 * * *")

Appellee objects to our considering the first point because it is too general and indefinite. Under the Rules T.R.C.P. it is sometimes difficult to determine just when a given "point" is sufficient to justify a consideration by the appellate court. It must be construed in connection with the assignment of error to which it is claimed to be germane, and the "statement" taken

from the testimony. If these matters are "sufficient to direct the attention of the court to the error relied upon" it is deemed sufficient. This was a jury trial under conditions requiring a motion for new trial as a prerequisite of appeal. Rule 324, T.R.C.P. The motion for new trial constitutes the assignments of error. Rule 374, T.R.C.P. Points of error upon which the appeal is predicated shall be stated separately in short form, without argument and be germane to one or more assignments of error (in the motion for new trial). Rule 418, T.R.C.P.

█ In the instant case appellants filed a lengthy motion for new trial and the first ground (or first assignment of error) was "Because the verdict of the jury is contrary to the law and evidence, in this: * * *," followed by five pages of references to the purported testimony. In their brief plaintiffs follow their first "point" with a statement from the testimony similar to that presented in the motion for new trial. The reasons urged in both cover substantially all of the controverted special issues submitted by the court to the jury. But it must be borne in mind that when the motion for new trial was filed the court had submitted and received the jury's answers to many special issues which we shall later demonstrate were matters not controlling in the judgment to be entered. In view of the holdings in Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, and Darling v. Panhandle & Santa Fe Ry. Co., Tex.Civ.App., 209 S.W.2d 660, error refused NRE, we are considering the point of error.

It was stipulated that Joseph Dethloff was the common source of title. His will was admitted to probate on December 20, 1936 and was in evidence. Only certain parts of the will are material here; at paragraph 3 testator bequeathed $5.00 to each of the children of his son Charlie Dethloff, deceased. (This named deceased son was the husband of Louella Dethloff and the father of her children.) The fifth paragraph, under which appellants' grantors claimed, reads: "I give, devise and bequeath all the rest and residue of my property and property interest, whether the same be real, person—or mixed property,

to my children, John Dethloff, Minnie Frantz, Henry Dethloff, Ernest Dethloff, Thomas Dethloff, Louis Dethloff, and Josephine Lehmberg, equally * * *."

On January 21, 1939, all of those beneficiaries named in the fifth paragraph above quoted executed a full and comprehensive power of attorney to E. P. Lehmberg, empowering him to do all things in connection with their father's estate and their interest therein that they could do and perform individually. Pursuant thereto, the attorney in fact attempted to convey the land in controversy to plaintiffs by an instrument dated October 9, 1944, which instrument was signed by him as attorney in fact. On January 30, 1947, the same attorney in fact executed a deed of correction to the one previously executed and signed the names of all grantors whom he represented, by him as attorney in fact and his wife, Josephine Lehmberg (one of the beneficiaries) joined him in the deed of correction.

Appellee (Louella Dethloff) claims title by virtue of a parol gift of the land to her by Joseph Dethloff in May, 1932, acceptance thereof, taking immediate possession and making valuable improvements thereon during the lifetime of Joseph Dethloff, with his full knowledge and consent. She also claims under the statute of ten years' limitation. Upon this theory she contends that the land did not belong to Joseph Dethloff at the time he made his will nor when he died and that the devisees did not acquire any title to it by virtue of the will, and consequently conveyed no title to plaintiffs through their attorney in fact.

The jury verdict was in effect as follows:

(1) Joseph Dethloff verbally gave the land to Louella Dethloff (appellee) May 1, 1932, and relinquished to her possession and control.

(2) Relying upon the gift appellee went into possession.

(3) Appellee erected substantial improvements thereon after coming into possession during the lifetime of Joseph Dethloff.

(4) Such improvements were valuable in their nature.

(5) Such improvements were erected solely by reason of the gift.

(6) Appellants could by the use of reasonable diligence have learned of the claims of appellee before they purchased.

(7) Appellants purchased without using reasonable diligence to learn from appellee, then in possession, what her rights were.

(8) Appellants had knowledge of the claims of appellee to the land before they purchased it.

(9) Appellee has been in peaceable and adverse possession of the land, cultivating, using or enjoying the same under good and substantial fence for more than ten consecutive years immediately prior to January 1, 1946.

(10) Appellee, in response to a demand by the executor of Joseph Dethloff's estate that she pay rent or move, did not pay rentals to his agent.

(11) Appellee did not pay $55 to Joseph Dethloff as rent on the place during the year 1936.

(12) Appellee did not make a defense to a suit in Justice's Court by Lehmberg for rents against her in 1941 that the land had been rented to her son Virgil and that he was plaintiff's tenant.

(13) Appellee did not contend in a suit by appellants against her for possession in 1945 that she had the place rented for the year and was entitled to possession.

(14) Appellee did not pay appellants $75 as rentals for the year 1945.

(14A) Joseph Dethloff had knowledge of the improvements placed on the land by appellee.

(15) The annual rental value of the land in controversy is $2 per acre.

There was no dispute in the evidence as to how appellants acquired such title as they claimed under, and of course in this respect there was nothing for the jury to decide. The ultimate issues in dispute were those under which appellee claimed, they being (1) was there a present gift, (2) did appellee go into possession relying upon such gift, (3) did she erect permanent and valuable improvements thereon while in possession during the lifetime of the donor with his knowledge and consent.

There was a further controverted issue as to appellee's right of recovery under limitations. All these ultimate issues were submitted and answered in favor of appellee.

■ Appellants contested all of these contentions made by appellee, introducing evidence tending to show appellee had paid or promised to pay rentals to the representative of appellants' grantors, that she had testified in courts to matters that would refute her claim of ownership and claims of limitation. These are evidentiary matters which the jury could and no doubt did consider in answering special issues Nos. 1 to 5 inclusive and No. 9. Special issues Nos. 6, 7, 8, 10, 11, 12, 13 and 14 inquired about those evidentiary matters above mentioned and while they were all answered in favor of appellee, they were not controlling in entering judgment; in fact there was no reason for having submitted those of an evidentiary character. Tex. & N. O. Ry. Co. v. Sturgeon (Sup.) 177 S.W.2d 264.

■ An effective parol gift of real estate is not in violation of our statutes of fraud. Vernon's Ann.Civ.St. arts. 1288, 3995. The elements of such a parol gift are matters of fact. To be effective it must appear there was "(1) a present gift; (2) possession under the gift, taken and held by the donee with the consent of the donor; and (3) permanent and valuable improvements made on the premises by the donee, in reliance upon the gift, with the consent or knowledge of the donor." Davis v. Douglas, Tex.Com.App., 15 S.W.2d 232, 233, approved by the Supreme Court. The same rule had been stated many times previous to the cited case, including the case of Hooks v. Bridgewater, Sup., 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216. In the last cited case it was held that those enumerated essential elements were not shown to exist.

As above indicated, the jury's verdict in the instant case found that all of these facts did exist. There was substantial evidence to support the findings.

■■ It is the settled rule in this state that when trial is to a jury and there are conflicts in the testimony, it is the function of the jury to reconcile such conflicts, if it can be done, and if not to determine from a preponderance of the evidence which shall prevail, and if such a finding by a jury is supported by substantial competent testimony the appellate courts may not set the verdict aside; this statement is true even if the jury's verdict appears to be against the preponderance of the evidence; the appellate court may not set aside the verdict unless it is so overwhelmingly against a preponderance of the evidence as to be clearly wrong. 3 Tex.Jur. 1096, sec. 768; Texas Cotton Growers Ass'n v. McGuffey, Tex.Civ.App., 131 S.W. 2d 771, error denied, WOJ; Texas Employers Ins. Ass'n v. Watkins, Tex.Civ. App., 135 S.W.2d 296; McCarroll v. Lakey, Tex.Civ.App., 157 S.W.2d 963, error refused, WM; State v. Dickey, Tex.Civ.App., 158 S.W.2d 844, error refused, WM; Traders & General Ins. Co. v. Scott et al., Tex. Civ.App., 189 S.W.2d 633, error refused, WM. If there is competent evidence to support the jury's findings on the facts the appellate court may not set aside such finding and substitute their own therefor. Long-Bell Lumber Co. v. Bynum, Sup., 138 Tex. 267, 158 S.W.2d 290. All evidence must be considered by us in the light most favorable to the verdict. Rayburn v. Giles, Tex.Civ.App., 182 S.W.2d 9, error refused.

■ We observe just here that by the jury's answer to the ninth special issue all necessary facts were found to exist which would entitle the appellee to the land in controversy under the statute of limitation plead and upon which she offered a great deal of testimony. There is nothing in any other part of the verdict which would destroy the effect of this finding; in such circumstances that finding would support the judgment of the court.

It would unduly prolong this opinion to review all of the conflicting testimony offered by each party but suffice it to say there was substantial evidence to support the jury's findings on the ultimate issues in this case, and under the cited authorities we must overrule the first point of error.

The second point asserts error of the court in entering judgment over the objections of appellants "because of the highly prejudicial argument of counsel for defendant to the jury." This point is based upon a bill of exception brought forward in the transcript. The material parts of the bill of exception are substantially that plaintiffs' counsel in his opening argument called attention of the jury to various instances in which the testimony of appellee was in conflict with the testimony of a number of other witnesses who had testified in the case regarding whether she had rented the land in question and had occupied the same as a tenant over several years and paid rents thereon and had been sued for rents and argued that the evidence of such other witnesses was more reasonable to be believed and thereafter when appellee's counsel was replying to appellants' counsel said in such argument "that plaintiffs' counsel had in effect told the jury that the said Mrs. Louella Dethloff was not worthy of belief and proceeded in reply to say 'that she is worthy of being believed by the jury and that she was good enough to send five sons into World War II to fight for our country, one of whom was killed in Normandy and never came back; that she had done her part and that she should not be held unworthy of belief by the jury.'"

The bill of exception indicates that when appellee's counsel made the argument complained of, appellants' counsel left his seat, went to the trial Judge's bench and there stated to the court that he objected to the argument "as being an inflammatory appeal to sympathy and excepted to it being before the jury"; the court "nodded" his approval of the bill and allowed the argument to remain before the jury. Apparently there was no request made for any other ruling by the court nor was there any request that the jury be instructed not to consider the argument.

■ Complaints of "improper argument" have required much attention at the hands of our courts. The settled rule

seems to be that counsel may freely comment upon such facts as are in evidence; he may give his views of the evidence, explain and interpret it, discuss its weight and probative effect and is allowed considerable latitude in these respects. 41 Tex. Jur. 769, sec. 54.

Appellants' counsel was well within his rights when, in his argument, he pointed out the conflicts between the testimony offered by appellants and that offered by appellee and tried to induce the jury to accept the theories advanced by his clients. It was quite obvious that the conflicting testimony could not all be true. Appellee's counsel was as insistent that the testimony given by his client and her witnesses was true. It was in this connection that he said his client had sent five sons to the army and one had not come back, that she had done her part and should not be held unworthy of belief. There was plenty of testimony on the facts stated by him. Appellee testified by deposition, taken nearly two years before the trial, to these matters and two other witnesses testified to the same things at the trial and no objections were made to the testimony of either in these respects. It follows that the offending argument did not violate the rule of bringing extrinsic evidence or new facts into the case, but the complaint is that the comment made on the evidence was inflammatory and tended to unduly influence the minds of the jury to the detriment of appellants' rights. In support of their contention here appellants cite McCown v. Jennings, 209 S.W.2d 408 by this court; that was a case in which complaint was made that a witness had testified that her husband had been in the army, and did not involve argument by counsel, as in the instant case.

▇▇▇ The possibility of injury to plaintiffs because of the argument complained of must be measured by the relation of the argument to the entire case and to the facts that were well known to the jury and which every intelligent person knows are in the minds of the jury whether called to their attention by the attorney or not. 41 Tex.Jur. 817, sec. 85. In other words complaint is made because appellee's coun-

sel referred to parts of the testimony which the jury had already heard from three witnesses.

▇▇▇ In 41 Tex.Jur. 772, sec. 56, a very broad rule is announced giving to counsel the right to draw his conclusions and inferences, when reasonable, from the testimony. The court will not restrict him to any certain view of the facts or the deductions to be drawn therefrom. "Moreover, he may ordinarily state all proper inferences from the evidence, and draw conclusions therefrom in his own way of reasoning, although they may be illogical or improbable." In the present case the deductions made by appellee's counsel to the effect that she was not to be disbelieved because she had given sons to the army may have been illogical or improbable, yet he was only making a single reference to the testimony in this respect. Again in the same section of the cited compendium it is said: "It is only where counsel wanders entirely from the record that the rule as to drawing of deductions is violated; when fairly based on evidence, it can never be correctly said that in law the argument is prejudicial." We do not believe the point presents reversible error under the facts and circumstances of this case.

Third point reads: "The court erred in submitting special issue No. 3 to the jury in its main charge, because same does not properly instruct the jury that substantial improvements mean substantial enhancement of the value of the lands to which the improvements are made, the nature of value of the lands considered."

▇▇▇ There is no complaint here that the court refused to submit a requested explanation in connection with Special Issue No. 3. In fact the appellants did prepare and request the giving of what may be said to be a kind of an explanation and it was refused by the court. It was in no way substantially correct. It did not meet the criticism now made by appellants. Apparently appellants do not rely upon the court having overruled the request. In view of this, under Rule 279, T.R.C.P., the point of error presented to us was not properly preserved in the trial court. But if we are mistaken in this, we see no re-

versible error in the point for the reason appellants had testified without dispute they had paid their grantors $1249.75 in cash for the land (after appellee had placed the improvements upon it). The jury found the land had an annual rental value of $2 per acre, all of which is indicative of the fact that the jury knew from the evidence something of its value.

There was ample testimony that appellee had built a "Grade A" milk barn, with concrete floor, a rock-walled cellar covered with logs and dirt, an earthen stock water tank, built new and repaired old fences, replaced new windows and doors in the house, added a screened porch and made other improvements, all at a cost of, as appellee stated, from $1,000 to $1,500.

We think it sufficiently appears that the improvements were of a permanent nature and that they enhanced the value of the real estate in proportion to any previous value it may have had, so as to meet the rule of "permanent and valuable improvements" and that it did not require the explanation here insisted upon by appellants.

Tenth point complains because Special Issue No. 8 was given inquiring if appellants had knowledge of appellee's claim to the land when they purchased. It is claimed there was no evidence to support an answer to that issue in any way. In the first place it appears from the verdict that the judgment in favor of appellee is fully supported by the statute of limitations and whether or not appellants had notice of appellee's claims would be immaterial. Chandler v. Stewart, Tex. Civ.App., 90 S.W.2d 590, 594, writ dismissed, and authorities there cited. Second, if notice was material upon any theory in the case the jury's findings under 6th and 7th issues to the effect that appellants used no diligence to learn from appellee, then in possession, by what right she claimed, and that by the exercise of reasonable diligence they could have known the facts, would impute notice to them without a finding of actual notice. The point is overruled.

Finding no reversible error in the record, we will affirm the judgment of the trial court. Affirmed.