CONNER V. JOHNSON

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-316-CV

JANICE TURNER CONNER APPELLANT

V.

JASON LAURENCE JOHNSON APPELLEE

------------

FROM THE 271ST
 DISTRICT COURT OF JACK COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Janice Turner Conner sued her nephew, appellee Jason Laurence Johnson, in trespass to try title, to quiet title, and to establish an easement concerning land that her mother, Lora Lee Turner, had allegedly given to her by a parol agreement in 1984.  Janice bought the small house located on part of the land but not the land itself.  She contends Lora Lee gave her the plot on which the house is located, as well as the ten acres adjacent to it.  Over the years, Janice made improvements to the house, built a barn and corral, and mended fencing around the part she claimed.  Later in 1998 Lora Lee executed a warranty deed of all her land to her grandson Jason, the appellee, that included the same land that Lora Lee had allegedly already given to Janice.  A jury determined that Lora Lee had not made a parol gift of the property to Janice, and the trial court entered judgment in Jason’s favor.  

In this appeal we must determine whether the trial court erred in excluding Janice’s testimony regarding the alleged parol gift and whether the trial court properly awarded Jason his attorney’s fees.  We reform the judgment to delete the award of attorney’s fees and affirm the judgment as reformed.

Background

In 1964 Lora Lee and her mother Lucille Gowdy, Janice’s grandmother, sold a small house located on the land to J.D. and Margaret Slack.  They also leased the Slacks a seventy by seventy foot plot of land on which the house was situated and ten acres contiguous to the plot of land.  Janice bought the small house located on the seventy by seventy foot plot of land from the Slacks in 1981 for $10,000, and received a bill of sale.
(footnote: 2)  Janice claims that in 1984 Lora Lee gave her the plot and the contiguous ten acres by a parol gift.  Janice has used or occupied the small house, the small plot it sits on, and the contested ten acres since 1984.  Under a grazing lease with Gowdy and then Lora Lee, she has also run cattle on the 1100 acres formerly owned by Lora Lee, which includes the 10 acres adjacent to the house.

Jason is Janice’s nephew and he claims all 1100 acres, including the plot of land the small house is on and the adjacent ten acres.  Jason’s claims are under a deed Lora Lee executed in 1998 that purportedly conveyed all 1100 acres in eleven tracts to him.  The contested plot and acreage are within Tract 5 of the legal description in the deed under which Jason claims. 

Initially, Janice sued for trespass to try title and to remove a cloud on her title caused by the deed to Jason.  She based her trespass to try title case on Lora Lee’s alleged 1984 parol gift; she based her removal action on Lora Lee’s alleged incompetency at the time Lora Lee signed the deed to Jason in 1998.  Janice also asked the trial court to declare her rights to the contested land under the declaratory judgments act.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 37.009 (Vernon 1997).  

Jason filed a motion for summary judgment on both claims.  The trial court granted Jason’s motion on the action to remove a cloud based on Janice’s failure to bring that action within the statute of limitations, but denied his motion on Janice’s trespass to try title claim.  After a trial to a jury on the sole remaining issue—did Lora Lee make a valid parol gift of the house, plot, and land to Janice—the jury unanimously answered, “No.”  Accordingly, the trial court entered a judgment against Janice and awarded Jason his attorney’s fees.  Janice timely filed this appeal.

Issues on Appeal

Janice challenges the trial court’s refusal to let her testify about what Lora Lee said to her, which Janice contends qualifies as a valid parol gift.  She also challenges the trial court’s award of attorney’s fees to Jason.

Parol Gift

A gift of realty or an agreement for the sale of real property must be in writing.  
Tex. Bus. & Com. Code Ann.
 § 26.01 (Vernon 2002); 
Tex. Prop. Code Ann.
 § 5.021 (Vernon 2004).  To prove a parol gift and remove the requirement of a writing, one must show three elements: donative intent of a present gift; delivery of the property; and acceptance of the property. 
 Dawson v. Tumlinson
, 150 Tex. 451, 242 S.W.2d 191, 192 (1951).  In other words, to be effective it must appear there was (1) a present gift, (2) possession under the gift, taken and held by the donee with the consent of the donor, and (3) permanent and valuable improvements made on the premises by the donee, in reliance upon the gift, with the consent or knowledge of the donor. 
 
See Whitten v. Dethloff
, 214 S.W.2d 480, 484 (Tex. Civ. App.—Fort Worth 1948, no writ).  

A trespass to try title suit is brought to determine title and possession to real property.  
Tex. Prop. Code Ann
. § 22.001 (Vernon 2000); 
Tex. R. Civ. P.
 783; 
Martin v. Amerman
, 133 S.W.3d 262, 267 (Tex. 2004).  Once a defendant pleads “not guilty” in a trespass to try title action, the plaintiff has the burden to establish, by a preponderance of the evidence, among others, superior title to a common source, by adverse possession or by prior possession coupled with proof that possession has not been abandoned.  
United Sav. Ass’n v. Villanueva, 
878 S.W.2d 619, 622 (Tex. App.—Corpus Christi 1994, no writ).  The plaintiff must present a prima facie case of title if the parties’ titles are traced to a common source.  
Davis v. Gale
, 160 Tex. 309, 330 S.W.2d 610, 612 (1960).  Then, at that point, the defendant must come forward and show a superior title from the common source.  
Id.
  

To show donative intent, one must show that the donor has relinquished all dominion and control over the property.  
Oadra v. Stegall
, 871 S.W.2d 882, 890 (Tex. App.—Houston [14th Dist.] 1994, no writ).  Further, the proponent of the gift must present clear and convincing evidence of the gift.  
Hayes v. Rinehart, 
65 S.W.3d 286, 289 (Tex. App.—Eastland 2001, no pet.).  The possession that relieves a parol donee from the requirements of the statute of frauds must evidence a right of control that relates to the status of an owner or must be a possession that in itself shows it is intended as a delivery under the parol gift.  
Pickett v. Keene
, 47 S.W.3d 67, 76 (Tex. App.—Corpus Christi 2001, pet. dism’d).

Further, a presumption of gift arises if a parent delivers possession, conveys title, or purchases property in the name of a child.  
Richardson v. Laney
, 911 S.W.2d 489, 492 (Tex. App.—Texarkana 1995, no writ);
 Woodworth v. Cortez
, 660 S.W.2d 561, 564 (Tex. App.—San Antonio 1983, writ ref’d n.r.e.).  However, this is a rebuttable presumption that the opponent must show by clear and convincing evidence at trial.  
Richardson
, 911 S.W.2d at 492. 

On appeal, Janice challenges only the jury’s failure to find in her favor regarding her trespass to title claim; she has abandoned her claim to quiet title that was based on her challenge of Lora Lee’s 1998 deed to Jason.  The parties have not contested Janice’s acceptance of the property—her possession of the property she is claiming—nor have they contested the existence of valuable and permanent improvements she made to the property with the consent or notice of the donor.  Thus, the only contested issue that was submitted to the jury was in regard to the first and most important prong of a parol gift:  donative intent of a present gift.  Thus, we too focus only on the evidence to support donative intent; that is, a present intent by the donor to make a present gift.  
See Hayes v. Rinehart
, 65 S.W.3d 286, 289 (Tex. App.—Eastland 2001, no pet.);
 Dorman v. Arnold
, 932 S.W.2d 225, 228-29 (Tex. App.—Texarkana 1996, no writ).

On appeal Janice challenges the trial court’s ruling excluding her testimony regarding Lora Lee’s statements to her that she contends prove the parol gift.  She says the trial court’s failure to allow this testimony was error and resulted in an incorrect judgment. 

Standard of Review

A trial court’s rulings in admitting or excluding evidence are reviewable under an abuse of discretion standard.  
Nat’l Liab. & Fire Ins. Co. v. Allen, 
15 S.W.3d 525, 527-28 (Tex. 2000).  An appellate court must uphold the trial court’s evidentiary ruling if there is any legitimate basis in the record for the ruling.  
Owens-Corning Fiberglas Corp. v. Malone
, 972 S.W.2d 35, 43 (Tex. 1998).  To obtain a reversal based upon an erroneous ruling on the admissibility of evidence, a party must show that there was error, that a substantial right of the party’s was affected, and that the error probably caused rendition of an improper judgment.  
Tex. R. App. P.
 44.1(a); 
Tex. R. Evid
. 103(a); 
Owens-Corning Fiberglas Corp., 
972 S.W.2d at 43; 
Tex. Workers’ Comp. Comm’n v. Wausau Underwriters Ins.
, 127 S.W.3d 50, 56 (Tex. App.—Houston [1st Dist.] 2003, no pet.); 
Bracewell v. Bracewell
, 31 S.W.3d 610, 614 (Tex. App.—Houston [1st Dist.] 1999, pet. denied)
.  Reversible error does not usually occur in connection with evidentiary rulings unless the whole case turns on the particular evidence admitted or excluded.  
Tex. Dep’t. of Transp. v. Able
, 35 S.W.3d 608, 617 (Tex. 2000); 
In re K.M.B., 
91 S.W.3d 18, 29 (Tex. App.—Fort Worth 2002, no pet.).  We examine the entire record in making this determination of harm.  
Interstate Northborough P’ship v. State
, 66 S.W.3d 213, 220 (Tex. 2001) (op. on reh’g).  The complaining party need not show that 
but
 
for
 the erroneous exclusion of the evidence a different result would have occurred, but only that an improper judgment 
probably
 resulted.  
City of Brownsville v. Alvarado
, 897 S.W.2d 750, 753-54 (Tex. 1995). 

Analysis
 

Because Janice has possessed the property since the 1984 alleged parol agreement, the gift presumption applies, and it was incumbent upon Jason to rebut the presumption; the deed he produced was sufficient to overcome the presumption in Janice’s favor.  Thus, she says her testimony about Lora Lee’s gift is critical to her case.

To prove up the contested element – donative intent – Janice had to offer proof of the gift.  She contended at trial and on appeal that the statement against interest exception to the hearsay rule allows her to overcome the hearsay objection.  If Lora Lee’s statement about the gift were admitted, that proof would ultimately overcome the statute of frauds requirement; thus, Lora Lee’s oral gift to Janice, coupled with Janice’s possession, could trump Jason’s later deed.

When Janice was testifying about the source of her ownership, opposing counsel objected, and the trial court excused the jury so that she could testify outside the jury’s presence and so that Jason could pursue his objection.  She testified that in 1984, she and Lora Lee had conversations regarding the plot the small house was on and the ten acres adjacent to it.  She claimed Lora Lee simply stated, “You can have these.  I’m giving you these.”  Janice said that she and Lora Lee were at the property when Lora Lee made these statements, that they were going to the property so Lora Lee could pay the people working on some fencing in connection with the property Lora Lee had already given to Janice’s sister, and that they walked around the property with Lora Lee showing her which portions she was giving to Janice and which portions she had already given Janice’s sister.  To Jason’s hearsay objection, Janice responded that Lora Lee’s statement was an exception to hearsay because it was a statement or declaration against interest to give away property that one owns, pointing to exception 24 of the hearsay rule.  
Tex. R. Evid.
 803(24).
(footnote: 3) 

Jason further complained of the statement as being in violation of the Dead Man’s Rule as explained in rule of evidence 601(b).  
Tex. R. Evid.
 601(b).
(footnote: 4)  In other words, Jason also contended that Janice was an incompetent witness because she is a party to the suit, i.e., an interested witness, and there was no corroboration of her testimony as required under the Texas Dead Man’s Rule. The court agreed, concluding that her testimony regarding the gift was inadmissible hearsay primarily because Janice was an interested witness.

While we agree the statement she sought to introduce is hearsay, we do not agree that the Dead Man’s Rule applies to exclude this statement.  Rule 601(b) is contained in the rules of evidence section on “witnesses” and, in particular, in the section relating to the “competency and incompetency” of witnesses.  
Id.
  The rule applies only in civil actions and in those cases by or against executors, administrators, or guardians, in which judgment may be rendered for or against them in their capacity as such to exclude statements by the testator, intestate, or ward unless those statements can be corroborated or those statements are solicited by the opposing party.  
Id.; see generally Parham v. Wilbon
, 746 S.W.2d 347, 349 (Tex. App.—Fort Worth 1988, no writ);
 Defoeldvar v. Defoeldvar
, 666 S.W.2d 668, 671 (Tex. App.—Fort Worth 1984, no writ), 
overrruled on other grounds by, Spiers v. Maples
, 970 S.W.2d 166, 171 (Tex. App.—Fort Worth 1998, no pet.); 
cf.
 
Eckels v. Davis
, 111 S.W.3d 687, 698 (Tex. App.—Fort Worth 2003, pet. denied); 
Seymour v. Am. Engine & Grinding Co.
, 956 S.W.2d 49, 55 (Tex. App.—Houston [14th Dist.] 1996, writ denied).  Further, we are to construe the Dead Man’s Rule narrowly.  
Quitta v. Fossati
, 808 S.W.2d 636, 641 (Tex. App.—Corpus Christi 1991, writ denied).

Even if Janice is also an heir or beneficiary of Lora Lee’s estate, she is not suing in that capacity in this particular cause of action.  Likewise, Jason has been sued in his individual capacity, not in his capacity as an heir, executor, administrator, guardian, or legal representative of Lora Lee’s estate.  Thus, we conclude, by its very definition, that the Dead Man’s Rule did not apply to exclude Janice’s testimony about Lora Lee’s gift.  We turn now to the hearsay objection.

According to the rules of evidence, hearsay is a statement made by someone other than the declarant while testifying at trial as to any matter sought to be introduced for the purpose of proving the truth of the matter asserted.  
Tex. R. Evid.
 801(d).  Thus, Janice’s testimony about what Lora Lee said is hearsay and is inadmissible unless an exception applies to its exclusion.  
See id. 
 Janice contends Lora Lee’s statements to her are admissible under the “statement against interest” exception.  
See 
Tex. R. Evid.
 803(24); 
Washington v. McMillan
, 898 S.W.2d 392, 397 n.5 (Tex. App.—San Antonio 1995, no writ);
 Leigh v. Weiner
, 679 S.W.2d 46, 49 (Tex. App.—Houston [14th Dist.] 1984, no writ); 
Peterson v. Martin
, 69 S.W.2d 484, 485 (Tex. Civ. App.—Texarkana 1934, writ dism’d).

Under the statement against interest exception, we consider the circumstances at the time the declarant made the statement.  
See
 
Tex. R. Evid.
 803(24); 
Travelers Cos. v. Wolfe
, 838 S.W.2d 708, 714 (Tex. App.—Amarillo 1992, no writ).  The facts stated should not be self-serving.  
Travelers, 
838 S.W.2d at 714 (citing 
Duncan v. Smith
, 393 S.W.2d 798, 803-04 (Tex. 1965)) (holding that not only should the statement be against interest but also that the “facts stated” should be against interest because that increases the likelihood of its truth).  However, the supreme court further instructs us, “A statement may be self-serving in one respect but contrary to another interest.  The court must balance these competing interests to determine their predominant nature and ultimately the level of trustworthiness to be accorded.”  
State v. Arnold, 
778 S.W.2d 68, 69 (Tex. 1989). 

Because the evidence showed that Lora Lee still owned the 1100 acres at the time Janice claims the statement was made to her, and the evidence also shows that Janice has continuously possessed, occupied, and cultivated the plot and adjacent ten acres, we must conclude that Lora Lee’s statement to Janice must have been adverse to Lora Lee.  If Lora Lee had been concerned about maintaining all 1100 acres solely as her own, it would be unclear why she would give it away.  
See Robinson v. Harkins & Co.
, 711 S.W.2d 619, 621 (Tex. 1986).

Also, we must look to the impact of this statement on Janice’s claim.  Although Janice’s testimony of Lora Lee’s statement of a parol gift appears self-serving as to Janice, it is also adverse to Janice; once Janice makes her claim as a parol gift, as opposed to by adverse possession, the limitations period for anyone claiming adversely to her is extended.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.025, 16.026 (Vernon 2002).

For all of these reasons, we conclude that the “statement against interest” exception should have applied to Janice’s testimony about Lora Lee’s gift.  We conclude the trial court abused it discretion in failing to admit the most material piece of evidence concerning the sole remaining issue in the case: the  donor’s intent to make a present gift.  Now, we must decide whether the trial court’s failure to admit this testimony probably resulted in an improper judgment.  
See
 
Tex. R. App. P.
 44.1.

As discussed above, Jason claimed that because the evidence of the donor’s present intent to make a gift was missing, Janice could not escape the constraints imposed by the statute of frauds regarding a transfer of realty.  If Janice could not bring forth evidence of the parol gift because she could not prove the first prong of a parol gift of realty, Jason’s claim against her interest would stand.   If Lora Lee’s hearsay statement to Janice was admitted, then there would be some evidence of a present gift.  To gauge the impact of this missing testimony, we look at the issue submitted to the jury as well as other evidence admitted at trial.

The evidence showed that Janice bought the small house in 1981, received a bill of sale for it, and made substantial improvements to that house as well as to the plot it was on and the adjacent ten acres.  Janice herself testified, over Jason’s objection, that she had been in exclusive possession of the ten-acre tract since 1984, “which is when [Lora Lee] gave [her] the rest of it.”  There was testimony that she built a large barn in 1985 as well as corrals, that she added a new barbed wire fence that enclosed the ten acres adjacent to the house, and that she planted Bermuda grass there as well, all with Lora Lee’s knowledge.  Janice also testified that the property was a gift from Lora Lee who gave it to her orally in August of 1984, and that just the two of them were present when this took place. 

Jason’s mother Margaret, Janice’s sister, agreed that Lora Lee knew about all the improvements Janice had made.  Margaret also testified that Lora Lee had already made several gifts of some land and improvements to her and to her then husband Larry Johnson, Jason’s father.  When Margaret testified, she admitted she had never told Janice about the 1100 acre deed to her son despite the fact that she had known about the conveyance within a week after it had been signed.

Likewise, Janice’s brother testified that when he asked Lora Lee to sell him some land to build a house on “[s]he told me [to] buy some land from my sister on the land that she had out there.”  The brother testified that on “numerous occasions I tried to get my mother to do something about the deed for the land.  And mom just said, well it’s her [Janice’s] land.  We’ll get around to it.  You know, that told me that the land belonged to Janice.”  The brother also testified that “[a] couple of years after [after 1984] mom told me she’d given her [Janice] the land that went with the house” and he stated that there wasn’t any dispute in the family about this and “[i]t was hers.”  Lastly, the brother testified that Janice told him that Lora Lee had given the land to her. 

In contrast, Jason points to the grazing lease between Lora Lee and Janice as support for the proposition that Lora Lee did not give the plot and ten acres to Janice.  While there is conflicting evidence on whether the grazing lease even included the plot or ten acres Janice claims, it is uncontested that the grazing lease was originally from Gowdy, then from Lora Lee, and that it covered at least the remaining part of the 1100 acres owned by Lora Lee.  The evidence also showed that Janice cultivated and grazed cattle on the ten acres she claims since 1984 and that she used the remaining acreage for grazing.  She paid Lora Lee $200 per month for the grazing lease.  

In the fall of 1998, after the 1100 acres had allegedly been conveyed to Jason, there was a family meeting at Larry Johnson’s house where they discussed Lora Lee’s medical care.  Jason’s parents were both there as was Janice, and no one told Janice that Lora Lee had conveyed the land to Jason. 

The evidence also shows that in August of 2000 Larry told Janice to stop depositing her grazing lease payment of $200 per month to Lora Lee’s account and to start sending it to his son Jason instead “because he [Jason] was writing checks for [Lora Lee’s] business.”  Again, no one mentioned the deed from Lora Lee to Jason.

Further, Larry admitted he had never told Janice about the deed but conceded he was the one who had a lawyer draw it up, and he was the one who got it signed by Lora Lee.  Larry also admitted that he had assisted Lora Lee in executing three of the four other deeds that deeded property from Lora Lee to him, Margaret, and their son Jason.  He took the legal descriptions to an attorney named Spiller who prepared the deeds at Larry’s request.  Additionally, Spiller was the same attorney who had prepared a power of attorney that Lora Lee had executed in July 1992 naming Larry as her agent.

When Jason testified, he acknowledged that the deed from Lora Lee recites that she is conveying “all her interest” in the land she owns.  Jason concedes that if Lora Lee no longer owned the small plot and ten acres, he would not currently own it either.  In August 2001, Jason claims he finally told Janice that he owned all 1100 acres and that he had owned it since 1998.  At that time, Lora Lee was still alive.

This evidence, with or without Lora Lee’s statement of the parol gift, shows Lora Lee’s donative intent.  And despite sustaining Jason’s hearsay objection at one point, the trial court later allowed Janice to testify to many of the facts surrounding Lora Lee’s alleged parol gift.  Because the trial court allowed evidence of the substantial improvements Janice made to the land during Lora Lee’s lifetime and Janice’s continuous possession of the land, we cannot say that the trial court’s ruling on Lora Lee’s hearsay statement to Janice caused the rendition of an improper judgment.  
See
 Tex. R. App. P
. 44(1)(a).  

Award of Attorney’s Fees

Jason requested and the trial court awarded him his attorney’s fees and costs under the declaratory judgments act.
(footnote: 5)  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 37.009.  Because this issue could arise again in a retrial of this case, we will address it.  Although we have overruled Janice’s first issue, an award of attorney’s fees is not available under the declaratory judgments act when, according to the recent supreme court case of 
Martin v. Amerman
, the primary cause of action is to determine title.  133 S.W.3d at 267.  Therefore, we sustain Janice’s second issue.

Conclusion

Because we have overruled Janice’s first issue but sustained her second issue, we must reform the judgment by deleting the award of attorney’s fees to Jason.  
See 
Tex. R. App. P. 
43.2(b); 
Amerman v. Martin
, 83 S.W.3d 858, 864 (Tex. App.—Texarkana 2002), 
aff’d
, 133 S.W.3d at 268.  As reformed, the judgment of the trial court is affirmed.

TERRIE LIVINGSTON

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DELIVERED:  October 28, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
The bill of sale also purports to transfer the Slack’s interest in the lease of the plot and ten acres.

3:
Rule 803(24) creates an exception to the general exclusion of hearsay evidence when the statement sought to be introduced “was at the time of its making so far contrary to the declarant’s pecuniary or proprietary interest . . . that a reasonable person in the declarant’s position would not have made the statement unless believing it to be true.”  
Tex. R. Evid.
 
803(24)
.

4:
Rule 601(b), entitled the “‘Dead Man’s Rule’ in Civil Actions,” says that in actions “by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any oral statement by the testator, intestate or ward, unless that testimony . . . is corroborated or unless the witness is called at the trial . . . .  Except for the foregoing, a witness is not precluded from giving evidence of or concerning any transaction with, any conversations with, any admissions of, or statement by, a deceased or insane party or person merely because the witness is a party to the action or a person interested in the event thereof.”  
Tex. R. Evid.
 
601(b)
.

5:
Neither party prayed for an award of attorney’s fees under section 16.034 of the civil practice and remedies code.  
See
 Tex. Civ. Prac. & Rem. Code Ann.
 § 16.034.