**William David GOLDEN, Appellant,**

v.

**Donald Ray McNEAL and Shirley Alfred Johnson, Appellees.**

**No. 14–00–01071–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 14, 2002.

William David Golden, Bellville, pro se.

R. Stephen Ferrell, Houston, for appellees.

Panel consists of Justices YATES, EDELMAN, and WITTIG.*

## OPINION

DON WITTIG, Senior Justice (Assigned).

Convicted of a felony and having exhausted the criminal appeals process, William David Golden brought a civil action against his court appointed defense attorney, Donald Ray McNeal, as well as his court appointed investigator, Shirley Alfred Johnson. The trial court granted summary judgment to each defendant without specifying the grounds. On appeal, Golden contends that the trial court erred (1) in granting summary judgment; (2) in failing to make a written ruling regarding service of process and in deny-

* Senior Justice Don Wittig sitting by assignment.

ing appellant's right to be heard on the issue; (3) in refusing to file findings of fact and conclusions of law as requested; (4) in refusing to hold a hearing on the motion for new trial; and (5) in not acting on the motion to disqualify the visiting judge. We affirm in part and reverse and remand in part.

## I. Background

Golden was charged with possession of a controlled substance, and he began his defense of the charges pro se. The trial court later appointed McNeal, who was originally representing a co-defendant, to assist in Golden's defense. Johnson was subsequently appointed as an investigator to help Golden and McNeal. Golden was convicted and sentenced to forty years' imprisonment. On direct appeal, we affirmed the conviction. *See Golden v. State,* 1996 WL 384942 (Tex.App.-Houston [14th Dist.] 1996, pet. ref'd). The Court of Criminal Appeals refused his petition for discretionary review, and the United States Supreme Court denied his petition for writ of certiorari. *See Golden v. Texas,* 521 U.S. 1130, 117 S.Ct. 2534, 138 L.Ed.2d 1033 (1997) (denial of rehearing); *Golden v. Texas,* 520 U.S. 1176, 117 S.Ct. 1449, 137 L.Ed.2d 554 (1997) (denial of petition).

Golden then sued McNeal and Johnson, claiming professional malpractice, negligence, DTPA violations, breach of contract, and breach of fiduciary duty. In his 344–page petition, Golden complained of numerous deficiencies that he perceived in the conduct of the investigation, trial, and appeal of his criminal case. The majority of his claims involve the failure of attorney McNeal to make objections, question witnesses in a particular manner, or argue certain issues to the trial judge. He briefly complains that Johnson failed to find certain witnesses, who were chiefly poten-

tial character witnesses identified by Golden.

After prolonged difficulty with service of process, mostly regarding McNeal, both defendants answered the lawsuit, claiming principally that Golden's claims were barred by the statute of limitations and that the sole proximate cause of any of Golden's damages was his own criminal conduct. Both defendants also filed motions for summary judgment. Johnson's motion asserted the statute of limitations issue, the sole proximate cause theory, and that there was no evidence to support Golden's claims. McNeal's motion only argued the statute of limitations issue. The trial court granted summary judgment to each defendant in separate orders, the one for Johnson entitled "Partial Summary Judgment," and the one for McNeal entitled "Final Judgment."

## II. Summary Judgment

■ Golden first contends that the trial court erred in granting summary judgment. Neither order stated the grounds on which it was granted. We will therefore uphold the judgments on any valid ground in the motions that is properly supported by the record. *See Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989); *Castillo v. Westwood Furniture, Inc.,* 25 S.W.3d 858, 860 (Tex.App.-Houston [14th Dist.] 2000, no pet.).

### A. Johnson, the Investigator

In her motion, Johnson argued that Golden's criminal conduct was the sole proximate cause of each of his causes of action, citing *Peeler v. Hughes & Luce,* 909 S.W.2d 494 (Tex.1995). In *Peeler,* a criminal defendant filed suit alleging malpractice and other claims against her defense attorney. The court, citing primarily public policy concerns, held that, as a matter of law, the criminal defendant's own con-

duct was the sole proximate cause of her indictment and conviction and, consequently, her claimed damages. *See id.* at 495–96. On this basis, the court concluded that, absent exoneration on direct appeal or post-conviction relief, a criminal defendant may not sue his or her attorney for malpractice. *Id.* at 497–98.

In *Peeler,* the plaintiff brought claims against her former defense attorney for legal malpractice, breach of contract, violations of the DTPA, and breach of warranty. *Id.* at 496. The court found that both the malpractice claim and the DTPA claim were barred, but the court also found that Peeler waived her contract and warranty claims. The present case, therefore, presents three issues not expressly decided in *Peeler:* (1) whether *Peeler* should be extended to apply to the conduct of an investigator working for the defense in a criminal trial; (2) whether *Peeler* applies to contract claims; and (3) whether *Peeler* applies to breach of fiduciary duty claims.[1] We answer the first question in the affirmative and do not need to reach the latter two.

■■■ In his brief, Golden presents no reason why the rationale of *Peeler* regarding sole proximate cause in a criminal conviction should not apply equally to an investigator as to defense counsel. Indeed, the language used in *Peeler* is certainly broad enough to encompass claims of negligence or malpractice on the part of non-attorneys: "[C]onvicts may not shift the consequences of their crime to a third party." *Id.* at 498. Furthermore, legal malpractice is essentially a claim for professional negligence. *See id.* at 496–97. To recover under malpractice, negligence, or the DTPA, a plaintiff must prove causation. *See id.* at 498. It does not matter whether those claims are against an attorney or against an investigator who is aiding the attorney or the pro se defendant. The sole proximate cause of any malpractice, negligence, or DTPA damages flowing from Golden's conviction was his own criminal conduct. The trial court did not err in granting Johnson's summary judgment on these claims.

■■■ We need not consider the issue of whether a contract claim against an investigator in such situations is barred by the *Peeler* doctrine because we find Golden did not sue Johnson for breach of contract.[2] In his brief, Golden does not cite us to any place in the 344–page petition making such a claim against Johnson, and our review of the petition has found none. In her brief, Johnson cites to portions of the petition wherein Golden appears to make breach of contract allegations against McNeal, but Johnson also maintains that there are no such claims made against her. Furthermore, there is no duty for a defendant to file special exceptions asking if the plaintiff neglected to plead additional causes of action. *See Bradt v. West,* 892 S.W.2d 56, 75 (Tex.App.-Houston [1st Dist.] 1994, writ denied).

---

1. Against McNeal, Golden also claimed appellate malpractice, another type of claim not specifically addressed in *Peeler.* At least one court of appeals has already held that *Peeler* does apply to allegations of appellate malpractice. *See Barnum v. Munson, Munson, Pierce & Cardwell, P.C.,* 998 S.W.2d 284, 285–86 (Tex.App.-Dallas 1999, pet. denied). However, we need not reach the issue in this opinion.

2. We note, however, that at least one court of appeals has determined that *Peeler* applies to breach of contract allegations against criminal defense counsel. *See Van Polen v. Wisch,* 23 S.W.3d 510, 515–16 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). The reason being that such claims, even if presented as breach of contract claims, in actuality only sound in tort. *See id.* We do not address in this case whether this is true for claims against non-attorneys.

■ We likewise need not consider whether *Peeler* precludes a claim against an investigator for breach of a fiduciary duty. In her motion for summary judgment, Johnson additionally argued that there was no evidence to support Golden's claims. In response, Golden failed to present evidence that a fiduciary relationship existed between himself and Johnson. In reviewing a no-evidence summary judgment, we examine the proof in the light most favorable to the non-movant and disregard all proof and inferences to the contrary. *Granada Biosciences, Inc. v. Forbes, Inc.*, 49 S.W.3d 610, 615 (Tex.App.-Houston [14th Dist.] 2001, pet. filed). A no-evidence summary judgment is improperly granted if the non-movant produces more than a scintilla of probative proof to raise a genuine issue of material fact. *Id.*

■ Texas law recognizes two types of fiduciary relationships: (1) the formal fiduciary relationship, which arises as a matter of law and includes relationships such as those between attorney and client, principal and agent, and partners; and (2) the informal fiduciary relationship, which may arise from a moral, social, domestic, or purely personal relationship of trust and confidence. *R.R. Street & Co., Inc. v. Pilgrim Enters., Inc.*, 2001 WL 1047540 (Tex.App.-Houston [1st Dist.] 2001, no pet. h.) (citing *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex.1998), and *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 287 (Tex.1998)). A fiduciary relationship is an extraordinary one that the law does not recognize lightly. *Stephanz v. Laird*, 846 S.W.2d 895, 901 (Tex.App.-Houston [1st Dist.] 1993, writ denied). In order to establish an informal fiduciary relationship, a party must show that a special relationship of trust and confidence existed prior to, and apart from, the agreement made the basis of the suit. *CAT Contracting*, 964 S.W.2d at 288;

*Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 177 (Tex.1997).

■ In the present case, Johnson was appointed by the court to assist in Golden's criminal defense. Golden cites us to no cases, and we have found none, holding that an appointed investigator is in a formal fiduciary relationship with a criminal defendant. Furthermore, Golden provides us with no reasoning on which such a relationship might be created in this case. As for the existence of an informal fiduciary relationship, Golden's summary judgment proof contains no evidence establishing such a relationship. Specifically, there is no evidence establishing that any relationship existed between Golden and Johnson before her appointment to assist in Golden's criminal defense. *See CAT Contracting*, 964 S.W.2d at 288. The trial court did not err in granting Johnson's motion for summary judgment.

### B. McNeal, the Attorney

■ Although McNeal raised the sole proximate cause issue in his answer, he did not raise it in his motion for summary judgment. We may not, therefore, address its application to Golden's claims against him. *See Coastal Cement Sand, Inc. v. First Interstate Credit Alliance, Inc.*, 956 S.W.2d 562, 565–66 (Tex.App.-Houston [14th Dist.] 1997, pet. denied) (in an appeal from a summary judgment, appellate court may only review those issues actually presented in the motion).

McNeal's motion argued that Golden's causes of action were barred by the two-year statute of limitations, contained in section 16.003 of the Civil Practice and Remedies Code, and by Golden's failure to use due diligence in obtaining service of process. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon Supp.2002). Specifically, McNeal argued that because Golden was sentenced on January 25, 1994,

did not file his original petition until September 8, 1997, and has never perfected service on McNeal, the statute of limitations bars Golden's claims against McNeal. Golden contends, however, that the statute of limitations was tolled until he exhausted his appeals in the criminal matter.

Generally, limitations begins to run when a cause of action accrues, *i.e.*, when facts come into existence that authorize a claimant to seek a judicial remedy. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998). However, the Texas Supreme Court has stated that:

> when an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted.

*Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex.1991). The court's use of the term "a claim that results in litigation" appears broad enough to include criminal prosecutions. Indeed, given the court's ruling in the *Peeler* case discussed above, a plaintiff claiming malpractice in a criminal case cannot even file suit until all of his or her appeals are exhausted. *See Peeler*, 909 S.W.2d at 497–98 (absent exoneration on direct appeal or post-conviction relief, a criminal defendant may not sue his or her attorney for malpractice). We are also cognizant of the Texas Supreme Court's directive that we are not to re-examine "whether the policy reasons behind the tolling rule should apply in each legal-malpractice case matching the *Hughes* paradigm [but] should simply apply the *Hughes* tolling rule to the category of legal-malpractice cases encompassed within its definition." *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 122 (Tex.2001). We will, therefore, apply the *Hughes* rule in this case without re-examining the rationale behind the rule.

In *Hughes*, the court determined that the applicable statute was tolled until the Supreme Court overruled the motion for rehearing because that was "the last action of right that they could take and did take on the underlying case." *Hughes*, 821 S.W.2d at 158 n. 6. Here, the last action of right that could have been taken and was taken in Golden's criminal prosecution was the petition for writ of certiorari filed with the United States Supreme Court. The Court denied the petition on April 14, 1997, and denied the motion for rehearing on June 27, 1997. *See Golden v. Texas*, 521 U.S. 1130, 117 S.Ct. 2534, 138 L.Ed.2d 1033 (1997) (denial of rehearing); *Golden v. Texas*, 520 U.S. 1176, 117 S.Ct. 1449, 137 L.Ed.2d 554 (1997) (denial of petition). The statute of limitations was therefore tolled until June 27, 1997, and the filing of Golden's original petition on September 8, 1997, was not barred by the statute.[3]

In his motion, McNeal additionally contended that Golden failed to fulfill his duty of due diligence in obtaining service of process; in fact, McNeal claimed that he had never been properly served. McNeal acknowledged in the motion, however, that he filed an answer in this case in January 1999. An answer constitutes an appearance of a defendant "so as to dispense with the necessity for the issuance or service of citation upon him." TEX.R.

---

**3.** McNeal did not attack Golden's DTPA claims under the DTPA limitations provisions. *See* TEX. BUS. & COM.CODE ANN. § 17.565 (Vernon 1987). *Hughes* tolling does not normally apply to DTPA claims. *Underkofler v. Vana-* sek, 53 S.W.3d 343, 346 (Tex.2001). We further note that the DTPA expressly no longer has application in most cases involving professional services. *See* TEX. BUS. & COM.CODE ANN. § 17.49(c) (Vernon Supp.2002).

CIV. P. 121. Because McNeal filed an answer within the period of limitations, the statute of limitations does not bar Golden's claims. The trial court erred in granting McNeal's motion for summary judgment. Accordingly, we grant Golden's issue in regard to McNeal.[4]

### III. Findings of Fact

 Golden contends that the trial court erred in refusing to file findings of fact and conclusions of law, thus preventing the proper presentation of the issues in the court of appeals. Findings of fact and conclusions of law, however, have no place in a summary judgment proceeding. *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex.1994). If summary judgment is proper, there are no facts to find and the legal conclusions have already been stated in the motion and the response. *See IKB Indus. (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 441 (Tex.1997). The trial court should not make, and the appellate court cannot consider, such findings and conclusions in connection with a summary judgment. *See id.* Therefore, the trial court did not err in not making any findings of fact and conclusions of law. *See Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 20 S.W.3d 119, 125 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). This issue is overruled.

### IV. Motion for New Trial

 Golden next contends that the trial court erred and denied him his rights when it refused to hold a hearing on the motion for new trial and allowed the mo-

tion to be overruled by operation of law under Rule 329(b). He fails, however, to cite us to any authority requiring the trial court to hold a hearing on a motion for new trial under circumstances similar to those in the present case. To the contrary, it has been held that a party's right to be heard in a meaningful time and in a meaningful manner is not obviated by allowing a motion to be overruled by operation of law. *See Texaco, Inc. v. Pennzoil, Co.*, 729 S.W.2d 768, 852 (Tex.App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.). Rather, by its time constraints, rule 329(b) actually expedites an appellant's right to be heard on appeal by automatically overruling a new trial motion on which there has been no ruling made. *Id.*

Golden's actual issue presented states that "The Trial Court Abused Its Discretion in Denying Appellant's Motion For New Trial." However, except for the issues concerning the failure to hold a hearing, he discusses nothing under this point not already considered above in our examination of his attack on the summary judgment orders. Accordingly, we overrule this issue.

### V. Disqualification

 Golden further complains that the trial court improperly ignored his alleged "Motion to Disqualify the Visiting Retired Judge." He argues that his objection to the assignment of a visiting judge in this case makes the judge's ruling on Johnson's motion for summary judgment void.[5] The Court Administration Act, chapter 74 of the Government Code, allows a party to

---

**4.** Golden further attacks the trial court's alleged refusal to make a written ruling or hold a hearing regarding service of process. However, because both defendants answered and the issue of service plays no role in our analysis, the issue is moot.

**5.** At different points in his brief, Golden calls his objection to the judge a "motion to disqualify," a "motion to recuse," and simply "written objections." His only argument against the judge's sitting in this case, however, is that the judge was an assigned visiting judge.

object to an assigned judge, but the objection must be made before the first hearing or trial over which the assigned judge is to preside. *See* TEX. GOV'T CODE ANN. § 74.053 (Vernon 1998). If the objection is timely, the disqualification is automatic. *In re Canales,* 52 S.W.3d 698, 704 (Tex. 2001). Once an assigned judge has heard any matter in a case, the parties have waived the right to object to that judge. *Id.*

Despite Golden's claims to the contrary, no such objection appears in the appellate record of the present case, and he cites us to nothing in the record to demonstrate that any such motion was ever filed. An exhaustive review of the record, including a request to the court clerk for a supplemental record, has revealed no objection or motion, timely or otherwise. There is one mention of a motion to disqualify in Golden's notice of appeal, but this reference does not explain the grounds for the motion, whether or when such a motion was filed, or whether the court was ever made aware of it in any way. Accordingly, we find that the trial court did not err in failing to hold a hearing or rule on the alleged motion or objection. This issue is overruled.

We reverse only the part of the trial court's judgment granting summary judgment to McNeal and remand that portion of the judgment for further proceedings in keeping with this opinion. The remainder of the judgment is affirmed.