Affirmed and Memorandum Opinion filed July 3, 2007








Affirmed and Memorandum Opinion filed July 3, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00658-CV

____________

 

ROBERT McLENDON, Appellant

 

V.

 

RICHARD GREGORY ARICK@ DETOTO, Appellee

 



 

On Appeal from the 334th
District Court

Harris County, Texas

Trial Court Cause No. 05-61887

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Robert McLendon, appeals the judgment entered in
favor of appellee, Richard Gregory Detoto, on appellant=s claims for legal
malpractice, professional negligence, breach of legal duty, breach of contract,
and Deceptive Trade Practices Act violations, which arose out of appellee=s representation
of appellant in the underlying criminal prosecution.  We affirm.








Factual and
Procedural Background

On October 7, 2003, McLendon was convicted of arson and his
conviction was affirmed by this court on June 2, 2005.  See McLendon v.
State, 167 S.W.3d 503 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d).  The Court of Criminal Appeals refused
McLendon=s petition for
discretionary review on January 31, 2007.  On September 28, 2005, McLendon
filed an original petition alleging legal malpractice against Detoto, his trial
attorney.  Specifically, McLendon alleged Detoto failed to (1) obtain a
pretrial bond reduction, (2) obtain release for McLendon from Administrative
Segregation, and (3) visit McLendon in the Harris County Jail prior to trial. 
On December 2, 2005, McLendon attempted to add causes of action for
professional negligence, breach of legal duty, breach of contract, and
Deceptive Trade Practices Act (ADTPA@) violations.[1]

On March 21, 2006, Detoto filed a no-evidence motion for
summary judgment alleging McLendon=s legal
malpractice claim failed because the record contained no evidence that his
conviction had been overturned.  Further, Detoto asserted that in alleging
other causes of actions, McLendon improperly fractured his legal malpractice
claim into claims for breach of contract and DTPA violations.  The trial court
granted summary judgment.  In five issues, McLendon challenges the trial court=s judgment
contending he raised more than a scintilla of evidence to support his claims,
Detoto=s motion did not
address all causes of action, and he was afforded an inadequate amount of time
in which to conduct discovery.

Standard of Review








A no‑evidence summary judgment is improperly granted
when the respondent brings forth more than a scintilla of probative evidence
raising a genuine issue of material fact. Coastal Conduit & Ditching,
Inc. v. Noram Energy Corp., 29 S.W.3d 282, 284 (Tex. AppCHouston [14th
Dist.] 2000, no pet.).  Our review is de novo, taking the evidence in a light
most favorable to the nonmovant and disregarding all contrary evidence and
inferences. Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711
(Tex. 1997).  When, as here, the trial court=s order does not
specify the grounds upon which it relied, we must affirm if any ground is
meritorious.  FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868,
872 (Tex. 2000).

Legal Malpractice

In his first and second issues, appellant contends the
trial court erred in granting Detoto=s motion for
summary judgment because (1) Detoto failed to show he was entitled to summary
judgment, and (2) appellant responded to the motion with more than a scintilla
of evidence thereby raising a genuine issue of fact.  Generally, to recover on
a claim of legal malpractice, a plaintiff must prove that (1) the attorney owed
the plaintiff a duty, (2) the attorney breached that duty, (3) the breach
proximately caused the plaintiff=s injuries, and
(4) damages occurred.  Alexander v. Turtur & Assocs., Inc., 146
S.W.3d 113, 117 (Tex. 2004).  The Texas Supreme Court has held that plaintiffs
who have been convicted of a criminal offense may negate the sole proximate
cause bar to their claim for legal malpractice in connection with that
conviction only if they have been exonerated on direct appeal, through post-conviction
relief, or otherwise.  Peeler v. Hughes & Luce, 909 S.W.2d 494, 497B98 (Tex. 1995). 
McLendon presented no evidence that he has been exonerated.  To the contrary,
his conviction has been affirmed by this court, and the Court of Criminal
Appeals refused discretionary review of this court=s decision. 
McLendon presented no evidence of any other post-conviction relief.  








McLendon contends that because he is complaining of
pretrial matters, he need not show exoneration to maintain a legal malpractice
action.  McLendon cites no authority, however, to overcome the causation
standard enunciated in Peeler.  McLendon=s conviction is
the sole proximate cause of his injuries, whether those injuries occurred
pretrial or during trial.  See Golden v. McNeal, 78 S.W.3d 488, 492
(Tex. App.CHouston [14th Dist.] 2002, pet. denied).  Because
McLendon did not present evidence of an essential element of his claim, the
trial court properly granted summary judgment for Detoto on the issue of legal
malpractice.  We overrule McLendon=s first two
issues.

Remaining Causes of Action

In his third and fourth issues, McLendon contends that
Detoto=s motion addressed
only his legal malpractice claim; therefore, summary judgment is not proper on
his causes of action for professional negligence, breach of a legal duty,
breach of contract, and violation of the DTPA.  Rule 166a requires the motion
for summary judgment to state the specific grounds therefor, and the moving
party is entitled to judgment as a matter of law on the issues expressly set
out in the motion or in an answer or any other response. Tex. R. Civ. P. 166a(c).  A motion for
summary judgment must itself expressly present the grounds upon which it is
made.  McConnell v. Southside Ind. Sch. Dist., 858 S.W.2d 337, 341 (Tex.
1993). 

In his motion for summary judgment, Detoto alleged that
McLendon impermissibly fractured his legal malpractice action into other causes
of action.  The rule against dividing or fracturing a negligence claim prevents
legal malpractice plaintiffs from opportunistically transforming a claim that
sounds only in negligence into other claims.  Deutsch v. Hoover, Bax &
Slovacek, L.L.P., 97 S.W.3d 179, 189 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  If the gist of a client=s complaint is
that the attorney did not exercise that degree of care, skill, or diligence as
attorneys of ordinary skill and knowledge commonly possess, then that complaint
should be pursued as a negligence claim, rather than some other claim.  Id.









In asserting additional causes of action, McLendon did not
assert any facts different than those alleged in his legal malpractice action. 
By asserting that McLendon improperly fractured his legal malpractice claim,
Detoto sufficiently addressed all causes of action in his motion for summary
judgment.  The gist of McLendon=s complaint is that Detoto did not
exercise that degree of care, skill, or diligence as attorneys of ordinary
skill and knowledge commonly possess.  Such a cause of action should be pursued
as a negligence claim.  Furthermore, under any of the theories alleged, a
plaintiff must present evidence of causation, which McLendon failed to do.  See
Peeler, 909 S.W.2d at 497B98.  We overrule McLendon=s third and fourth
issues.

Adequate Time for Discovery

In his fifth issue, McLendon contends the trial court erred
in granting Detoto=s no-evidence motion for summary judgment
because he was not permitted an adequate time for discovery.  A party may move
for a no‑evidence summary judgment only after adequate time for
discovery. Tex. R. Civ. P.
166a(i).  In considering whether the trial court has permitted an adequate time
for discovery, we consider factors such as (1) the nature of the case, (2) the
nature of evidence necessary to controvert the no‑evidence motion, (3)
the length of time the case was active, (4) the amount of time the no‑evidence
motion was on file, (5) whether the movant requested stricter deadlines for
discovery, (6) the amount of discovery that had already taken place, and (7)
whether the discovery deadlines in place were specific or vague.  Brewer
& Pritchard, P.C. v. Johnson, 167 S.W.3d 460, 467 (Tex. App.CHouston [14th
Dist.] 2005, pet. denied). We review a trial court=s determination
that there has been an adequate time for discovery on a case‑by‑case
basis, under an abuse of discretion standard.  Id.

This is a case in which McLendon alleges Detoto was
negligent in his representation of McLendon at his arson trial.  McLendon
cannot maintain a legal malpractice action unless he can show he has been
exonerated.  See Peeler, 909 S.W.2d at 497B98.  The suit was
filed September 28, 2005.  The trial court ordered that discovery was to end on
September 21, 2006.  Detoto filed his no-evidence motion before the discovery
deadline on March 21, 2006.  McLendon claims he was only in the initial stages
of discovery when the trial court granted summary judgment, five months before
the deadline for the completion of discovery.








The rule does not require that discovery must have been
completed, only that there was adequate time.  In re Mohawk Rubber Co.,
982 S.W.2d 494, 498 (Tex. App.CTexarkana 1998, orig. proceeding).  The
comment to rule 166a(i) explains that a discovery period set by pretrial order
should be adequate opportunity for discovery unless there is a showing to the
contrary, and ordinarily a motion would be permitted after the period but not
before.  Tex. R. Civ. P. 166a (i)
comment.  This comment, unlike other notes and comments in the rules of civil
procedure, was specifically intended to inform the construction and application
of the rule.  Specialty Retailers, Inc. v. Fuqua, 29 S.W.3d 140, 145
(Tex. App.CHouston [14th Dist.] 2000, pet. denied).  In the seven
months this case was pending, both parties filed requests for disclosure.  No
other discovery was sought.  The nature of this case was such that further
discovery could not have aided McLendon.  Without producing evidence of
exoneration, McLendon could not defeat summary judgment.  The trial court did
not abuse its discretion in granting the no-evidence motion for summary judgment
prior to the deadline for the completion of discovery.  We overrule appellant=s fifth issue.

Conclusion

Because the sole proximate cause of McLendon=s injury is his
criminal conviction, and McLendon has presented no evidence of exoneration, we
affirm the judgment of the trial court.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 3, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.









[1]  McLendon filed documents titled AMotion to Amend Lawsuit@ and ASupplement to Plaintiff=s Motion to Amend Lawsuit.@ 
While it is unclear from the record whether the trial court granted McLendon=s motion, it is apparent the parties proceeded as if
the petition had been properly amended.