**Affirmed and Memorandum Opinion filed August 25, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00321-CV

**RICHARD A. DUNSMORE, Appellant**

**V.**

**JAMES J. HANLEY, Appellee**

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 79144-I**

## M E M O R A N D U M   O P I N I O N

Appellant Richard A. Dunsmore, an inmate incarcerated in the Texas Department of Criminal Justice, challenges the trial court's dismissal of his legal malpractice action against appellee James J. Hanley, his former lawyer. We affirm.

## FACTUAL AND BACKGROUND

In October 2014, Dunsmore filed suit against Hanley, an attorney who represented Dunsmore in at least one criminal matter in 2008.[1] In his "Brief Statement of Cause of Action for Damages and Injunctive Relief," Dunsmore claimed that Hanley violated various ethical rules and caused him monetary damages. He also alleged that Hanley "allowed [Dunsmore] to be TORTURED while a Pre-Trial Detainee under his representation."

Hanley filed a Motion to Dismiss pursuant to Rule 91a of the Texas Rules of Civil Procedure. In his motion, Hanley argued that Dunsmore's suit was barred by the two-year statute of limitations for negligence actions. Hanley also claimed that Dunsmore had not proven he had been exonerated, a prerequisite to filing a malpractice action against one's criminal attorney. *See Peeler v. Hughes & Luce*, 909 S.W.2d 494 (Tex. 1995). Following a telephonic hearing, the trial court granted Hanley's motion. During the hearing, the trial court also denied Dunsmore's request to have an attorney appointed.[2] Dunsmore appeals.

## ISSUES AND ANALYSIS

Dunsmore's discernable issues on appeal appear to be twofold: (1) he was entitled to have a lawyer appointed to represent him in this malpractice case; and

---

[1] In July 2008, Dunsmore pleaded guilty to sexual assault and attempted sexual assault. *See Dunsmore v. State*, Nos. 01-10-00981-CR & 01-10-00982-CR, 2012 WL 1249418, at *1 (Tex. App.—Houston [1st Dist.] Apr. 12, 2012, pet. ref'd). Dunsmore received 10 years' deferred-adjudication community supervision for each offense. *Id.* In 2010, the trial court adjudicated guilt and assessed punishment at seven years' confinement. *Id.* Dunsmore appealed his conviction, but his appeal was dismissed for want of jurisdiction. *Id.* at *2.

Hanley testified that although he represented Dunsmore in one motion to adjudicate, Dunsmore was represented by separate counsel in a subsequent motion to adjudicate. Hanley did not represent Dunsmore on appeal.

[2] It is not clear from the record whether Dunsmore sought appointment of an attorney or an attorney ad litem.

(2) notwithstanding *Peeler*, a viable claim against Hanley remains for his failure "to INVESTIGATE and PREVENT [Dunsmore] FROM BEING PRE-TRIAL PUNISHED."

## I.     **No Constitutional Right to Counsel in a Civil Case**

Dunsmore first contends that the trial court erred by refusing to appoint counsel in this case. While a district judge has the discretion to appoint counsel for an indigent party in a civil case, Tex. Gov't Code § 24.016, the Texas Supreme Court has never recognized a right to counsel in civil cases. *See Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996); *see also Harris v. Civil Serv. Comm'n for Mun. Employees of the City of Houston*, 803 S.W.2d 729, 731 (Tex. App.—Houston [14th Dist.] 1990, no pet.) ("Neither the Texas nor United States Constitution guarantees a right to counsel in a civil suit"). The *Mayfield* court noted, however, that "in some exceptional cases, the public and private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." 923 S.W.2d at 594. Dunsmore has afforded us no argument supporting a determination that his case represents such an exception. We therefore overrule Dunsmore's first issue.

## II.    *Peeler* **Bars all Claims against Hanley**

In his second issue, Dunsmore contends that he has an actionable claim against Hanley for legal malpractice. In his brief, Dunsmore acknowledges the supreme court's holding in *Peeler*, but he argues that *Peeler* "should be examined on a Case by Case Basis" and that "there are PLENTY of Non Peeler Barred DAMAGES that should have been allowed to Proceed to Trial."

Under *Peeler*, a plaintiff who has not been exonerated of her crime cannot recover from her defense attorney for certain legal malpractice claims because the

plaintiff's own conduct is the "sole cause of [the appellant's] indictment and her conviction." *See* 909 S.W.2d at 495. Before Peeler's trial for a federal crime, her trial counsel failed to inform her of an offer of transactional immunity made by the prosecution. *Id.* at 496. Unaware of the offer, Peeler pleaded guilty and was convicted. *Id.* Peeler subsequently filed a malpractice action against her trial counsel. *Id.* The Texas Supreme Court affirmed the trial court's grant of summary judgment in favor of trial counsel, stating that "it is the illegal conduct rather than the negligence of a convict's counsel that is the cause in fact of any injuries flowing from the conviction." *Id.* at 498. The court held that Peeler's claims for professional negligence and DTPA violations were barred as a matter of law because Peeler had not been exonerated; therefore, she could not prove that trial counsel's alleged malpractice in connection with her conviction proximately caused her injuries. *Id.* To allow such claims absent exoneration would "impermissibly shift[] responsibility for the crime away from the convict." *Id.*

In a series of opinions, this court has adopted and applied an expansive interpretation of the doctrine articulated in *Peeler*. *See Futch v. Baker Botts, LLP*, 435 S.W.3d 383, 391 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (collecting cases). For example, this court has extended the *Peeler* doctrine to a non-attorney—an investigator who assisted in the plaintiff's defense of the criminal charge. *See Golden v. McNeal*, 78 S.W.3d 488, 491–92 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). We have also concluded that the *Peeler* doctrine applies to claims based on conduct alleged to have occurred after the criminal conviction and that did not directly result from the conviction. *See Meullion v. Gladden*, No. 14-10-01143-CV, 2011 WL 5926676, at *3–4 (Tex. App.—Houston [14th Dist.] Nov. 29, 2011, no pet.) (mem. op.).

More applicable here, this court has held that the *Peeler* doctrine applies to

4

negligence claims in which the claimant was seeking damages based upon a criminal defense attorney's alleged negligence in pre-trial matters that did not directly relate to the conviction, such as counsel's alleged negligence in failing to obtain a pre-trial bond reduction and failing to obtain release for the accused from administrative segregation. *See McLendon v. Detoto*, No. 14-06-00658-CV, 2007 WL 1892312, at \*1–2 (Tex. App.—Houston [14th Dist.] July 3, 2007, pet. denied) (mem. op.). We rejected the plaintiff's argument that the *Peeler* doctrine did not apply because he was complaining of pre-trial matters. *See id.* at \*2. This court held that, under *Peeler*, the plaintiff's conviction was the sole proximate cause of the plaintiff's injuries, whether those injuries occurred pre-trial or during trial. *Id.*

To the extent Dunsmore contends that his claims are not barred by *Peeler* because he is complaining of pre-trial matters—Hanley's alleged failure to investigate and prevent pre-trial punishment—we reject his argument. This court has already held that *Peeler* extends to pre-trial conduct. *See id.* Dunsmore has not presented any evidence that he has been exonerated. Thus, Dunsmore's conviction is the sole proximate cause of his injuries. *See Peeler*, 909 S.W.2d at 497–98; *Golden*, 78 S.W.3d at 492. We overrule Dunsmore's second issue.

## III.   Motion Carried with the Case

Dunsmore also filed an "Omnibus Motion to Reverse and Remand These Cases Back to Trial Court," which we have carried with the case to disposition. In his motion, Dunsmore appears to request that we reverse and remand this and other cause numbers not before us in this appeal, because the trial court erroneously concluded that Dunsmore was not indigent. Having determined that the trial judge properly granted Hanley's motion to dismiss in this case, we deny Dunsmore's motion.

## CONCLUSION

We affirm the judgment of the trial court.

/s/    Ken Wise
Justice

Panel consists of Justices Busby, Donovan, and Wise.