

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00335-CV

**CARLTON E. BRANTNER,**

                                                            **Appellant**

 **v.**

**GEORGE M. ROBINSON,**

                                                            **Appellee**

**From the 87th District Court**
**Freestone County, Texas**
**Trial Court No. CV-17-072-B**

## MEMORANDUM OPINION

In this appeal, appellant, Carlton E. Brantner, advancing pro se, challenges the trial court's granting of a summary judgment in favor of appellee, George M. Robinson.  In what we construe as two issues, Brantner argues that the trial court erred by granting summary judgment in favor of Robinson on limitations grounds as to claims Brantner brought in his original petition.  Brantner further asserts that the trial court erred by failing to consider his remaining causes of action.  We reverse and remand.

## I. BACKGROUND

As indicated in his original petition, Brantner's claims all pertain to Robinson's actions as Brantner's trial counsel in a criminal matter. Specifically, Brantner contends that:

> On Feb. 9, 2015 George M. Robinson (hereinafter referred to as "Defendant" or "Robinson") wrote a letter to Carlton E. Brantner "Petitioner" in regards to a plea agreement presented to petitioner by defendant and County Attorney Chris Martin on Jan. 22, 2015. Defendant recommended that petitioner accept the plea agreement as it was presented affording a chance for parole at (50%) or when half of sentence was complete. Petitioner accepted and signed the agreement based on the chance for parole and petitioner[']s concerns over the effectiveness of defendant in an actual trial. Defendant continues to explain that as he and County Attorney, in their discussion of the offer prior to presenting it to petitioner, understood the charge to provide parole. Apon [sic] further research, defendant admits that he and County Attorney had a misunderstanding of the law and through miscommunication, erroneously advised petitioner his chance for parole.

Apparently, a motion for new trial and an 11.07 writ were filed based on this purported error on behalf of Brantner. However, according to Brantner, the motion for new trial and 11.07 writ were denied.

Thereafter, on March 2, 2017, Brantner filed his original petition in the trial court, requesting the following:

> A declaration that the acts and omissions described herein violated Plaintiff's [Brantner] rights under the Constitution and laws of the United States.
>
> A preliminary and permanent injuction [sic] ordering defendant; George Robinson to stop causing harm by slander, libel, or in any other form of retaliation.

. . .

Compensatory damages in the amount of $15,000 for each act, violation, or omission as discribed [sic] herein and as follows.

1. Damages for deficient performance as trial counsel, providing erroneous advise [sic], and miscommunication leading to ineffective assistance of counsel.

2. Damages for deficient performance in filing the Motion for New Trial in not utilizing all available argument in strategy for relief.

3. Damages for deficient performance in keeping Plaintiff up to date and current in regards to the Motion being overruled and deadline on filing an appeal.

4. For committing perjury on the Aug. 15, 2016 affidavit for falsely stating as fact what evidence state had (videos from computer, letters to victim), and what department investigated.

5. For not reviewing the discovery and other available evidence, for basing his affidavit to reflect that of County Attorney's with the intent to do harm.

6. For violating Attorney-Client Priviledge [sic], and for stating as fact an opinion on said affidavit in violation of the Rules of Texas Jurisprudence Forms: Pleading and Practice Chapter 16.

Robinson filed an answer, asserting special exceptions, a general denial, and the affirmative defenses of statute of limitations and waiver. Robinson also filed a traditional motion for summary judgment, arguing that Brantner did not plead any cognizable cause of action other than claims of "Negligence-Legal Malpractice" and that the statute of limitations had run by the time Brantner filed his March 2, 2017 original petition.

After a hearing, the trial court granted summary judgment in favor of Robinson on his affirmative defense of statute of limitations. Specifically, in its summary-judgment order, the trial court stated:

> The Court finds Defendant is entitled to summary judgment as a matter of law because Plaintiff's claims are solely for Negligence-Legal Malpractice. A two year statute of limitations period applies pursuant to TEX.CIV.PRAC. & REM.CODE ANN. §16.003(a). Plaintiff was aware of his injury on February 12, 2015 and further finds that Plaintiff's petition was not filed until March 2, 2017, which time of filing was beyond the 2 year applicable limitations period for filing such a claim.

This appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's decision to grant or deny a summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Our review is limited to consideration of the evidence presented to the trial court. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Mathis v. Restoration Builders, Inc.*, 231 S.W.3d 47, 52 (Tex. App.—Houston [14th Dist.] 2007, no pet.). To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). A defendant moving for summary judgment must either: (1) disprove at least one element of the plaintiff's cause of action; or (2) plead and conclusively establish each essential element

of an affirmative defense to rebut the plaintiff's cause. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). The movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986); *see also Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001) (noting that a defendant moving for summary judgment on a statute of limitations affirmative defense must prove conclusively all elements of that defense). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

If the movant meets its burden, the burden then shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubt in the non-movant's favor. *Dorsett*, 164 S.W.3d at 661.

### III. BRANTNER'S NEGLIGENCE-LEGAL-MALPRACTICE CLAIMS

In his first issue, Brantner complains that the trial court erred by granting summary judgment as to his Negligence-Legal-Malpractice claims on the ground of statute of limitations. We agree.

In his original petition, Brantner asserted six claims against Robinson for deficient performance as trial counsel, including Robinson's purported misrepresentation regarding the plea agreement and the possibility of parole and the handling of a subsequent motion for new trial. Even construing Brantner's pleadings liberally, these claims sound in legal malpractice. *See Stallworth v. Ayers*, 510 S.W.3d 187, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("A cause of action that arises out of bad legal advice or improper representation is legal malpractice." (citations omitted)); *see also Murphy v. Gruber*, 241 S.W.3d 689, 693 (Tex. App.—Dallas 2007, pet. denied) ("Professional negligence, or the failure to exercise ordinary care, includes giving a client bad legal advice or otherwise improperly representing the client. For example, a lawyer can commit professional negligence by giving an erroneous legal opinion or erroneous advice, by delaying or failing to handle a matter entrusted to the lawyer's care, or by not using a lawyer's ordinary care in preparing, managing, and prosecuting a case." (internal citations omitted)).

In 1995, the Texas Supreme Court issued its opinion in *Peeler v. Hughes & Luce*, 909 S.W.2d 494 (Tex. 1995). In *Peeler*, a criminal defendant filed suit against her defense attorney, alleging malpractice and other claims. *Id.* at 496. Citing primarily public-policy concerns, the *Peeler* Court held that, as a matter of law, the criminal defendant's own conduct was the sole proximate cause of her indictment and conviction and, consequently, her claimed damages. *Id.* at 495-96. As such, the *Peeler* Court concluded

that, absent exoneration on direct appeal or post-conviction relief, a criminal defendant may not sue his or her attorney for malpractice. *Id.* at 497-98.

Applying *Peeler* to the case at bar yields a finding that Brantner cannot pursue a malpractice cause of action against Robinson, his trial counsel, unless and until he has been exonerated on direct appeal or through post-conviction relief. *See id.* at 498. Therefore, because Brantner's conviction has not been overturned, as a matter of law, he cannot prove causation for any claim against Robinson, especially considering his malpractice claims are not cognizable at this time. *See id.* at 495-98; *see also Golden v. McNeal*, 78 S.W.3d 488, 492 (Tex. App.—Houston [14th Dist. 2002, pet. denied) ("Furthermore, legal malpractice is essentially a claim for professional negligence. To recover under malpractice, negligence, or the DTPA, a plaintiff must prove causation." (internal citation omitted)).

Nevertheless, Robinson asserted a statute-of-limitations defense in his summary-judgment motion, and the trial court granted Robinson summary judgment expressly on Robinson's statute-of-limitations defense.

A statute of limitations is a procedural device operating as a defense to limit the remedy available from an existing cause of action. *Cadle Co. v. Wilson*, 136 S.W.3d 345, 350 (Tex. App.—Austin 2004, no pet.). Generally, a cause of action accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194,

202 (Tex. 2011) (op. on reh'g) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003)); *see Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998).

In light of *Peeler*, Brantner was not authorized to file suit against Robinson until his conviction is overturned—something that has not yet happened. *See* 909 S.W.2d at 497-98. Accordingly, Brantner's cause of action has not yet accrued and, thus, cannot be barred by the statute of limitations. *See id.*; *Cooper v. Trent*, 551 S.W.3d 325, 337 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ("We conclude that the claims alleged by Cooper, if true, would undermine the validity of her criminal conviction. Therefore, until she has proved her conviction has been reversed, overturned, or invalidated in some manner, her claims have no basis in law and were properly dismissed on Trent's Rule 91a motion." (internal citations omitted)); *see also Exxon Corp.*, 348 S.W.3d at 202; *see Johnson & Higgins of Tex., Inc.*, 962 S.W.2d at 514. Accordingly, we conclude that the trial court erred in granting summary judgment in favor of Robinson on the basis of the statute of limitations. *See Tex. Mun. Power Agency*, 253 S.W.3d at 192; *Valence Operating Co.*, 164 S.W.3d at 661; *see also Peeler*, 909 S.W.2d at 495-98; *Hughes*, 821 S.W.2d at 157. We sustain Brantner's first issue.

## IV. BRANTNER'S PURPORTED OTHER CLAIMS

Although he did not specifically allege any causes of action other than those sounding in legal malpractice in his original petition, Brantner attempts to convert many

of his claims to causes of action for violations of the Texas Deceptive Trade Practices Act, fraud, violations of the Texas Rules of Professional Conduct, slander, and breach of fiduciary duty in his appellant's brief and complains that the trial court did not consider these claims. We construe this as his second issue.

Earlier, we concluded that the claims contained in Brantner's original petition sound in legal malpractice. The anti-fracturing rule prevents plaintiffs from converting what are actually professional-negligence claims against an attorney into other claims, such as fraud, breach of contract, breach of fiduciary duty, or violations of the Texas Deceptive Trade Practices Act. *See Won Pak v. Harris*, 313 S.W.3d 454, 457 (Tex. App.—Dallas 2010, pet. denied) (citing *Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 426-27 (Tex. App.—Austin 2009, no pet.)); *Gruber*, 241 S.W.3d at 693; *see also Echols v. Gulledge & Sons, LLC*, No. 10-13-00419-CV, 2014 Tex. App. LEXIS 10190, at *12 (Tex. App.—Waco Sept. 11, 2014, pet. denied) (mem. op.). Because Brantner's claims sound in legal malpractice, and because the anti-fracturing rule prevents Brantner from converting his legal-malpractice claims against his trial counsel into other claims, we overrule Brantner's second issue.

## V.    CONCLUSION

Having sustained Brantner's first issue, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
(Chief Justice Gray concurring)
Reversed and remanded
Opinion delivered and filed August 14, 2019
[CV06]

