

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-17-00335-CV

CARLTON E. BRANTNER,

Appellant

v.

GEORGE M. ROBINSON,

Appellee

**From the 87th District Court**
**Freestone County, Texas**
**Trial Court No. CV-17-072-B**

## CONCURRING OPINION

There are at least two old sayings that could be applied to this appeal. One of those is that "You have to ride the horse that you picked." The other is that "You dance with the one that brung 'ya." Both sayings essentially mean that when a choice is made, you must live with the consequences of your decision. In this proceeding, each saying best fits different decisions that were made by Robinson. As applied to this proceeding, Robinson chose to ride a motion for summary judgment and he chose to bring the defense of the statute of limitations to the dance. As the member of the Knights Templar who

was guarding the Holy Grail said, "He chose…poorly."[1]

Brantner is a convicted felon serving his sentence in a Texas Department of Criminal Justice facility. During the trial for the offense for which he was convicted, Brantner was represented by Robinson. Brantner has sued Robinson for a variety of claims stemming from that representation. Robinson moved for summary judgment on all of Brantner's claims on the basis of the statute of limitations defense. The motion was granted.

Virtually nothing in the Court's opinion should be necessary. But it is necessary because of the way the suit was brought and defended. I write separately to make clear that, as a person convicted of a crime, Brantner cannot pursue a cause of action against his criminal defense attorney unless and until he has "been exonerated on direct appeal, through post-conviction relief, or otherwise.… [A]s a matter of law, it is the illegal conduct rather than the negligence of a convict's counsel that is the cause in fact of any injuries flowing from the conviction, unless the conviction has been overturned." *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 498 (Tex. 1995). In Brantner's case, his conviction has not been overturned. He remains convicted of his crime. Thus, as a matter of law, he cannot prove causation for any claim against his defense attorney, Robinson.

But as an appellate court, we are limited in our review by how the issues are brought and defended and then further limited by how the issues are presented on appeal, unless it is a jurisdictional issue. Causation is not how Robinson chose to defend

---

[1] INDIANA JONES AND THE LAST CRUSADE (Paramount Pictures, Lucasfilm 1989).

against Brantner's claims. Rather, Robinson asserted a statute of limitations defense. Thus, the Court has dealt with the case as presented. There is, however, at least one unanswered question in the analysis due to the complexity of the statute of limitations defense and the loose language in the cases that have discussed this issue.

The unanswered question hides behind the distinction between accrual and tolling of a cause of action. For my analysis in this appeal, it does not matter because the result is the same: Robinson failed to prove that the statute of limitations *expired* before Brantner filed his claim.[2]

I will briefly discuss the law about suing criminal defense attorneys and then will come back to discuss why the statute of limitations defense was not, and cannot, be proven to have expired on the facts of this case.

**CONVICTS SUING THEIR CRIMINAL DEFENSE ATTORNEYS**

Let us make one thing perfectly clear. Whether or not I am correct on anything else in this concurring opinion, there should be no convicted person reading this case who construes it as allowing a claim to be brought against the convicted person's attorney unless and until the conviction for which the attorney had previously represented the person has been overturned.[3]

---

[2] Because Robinson attempted to defeat Brantner's claims by asserting the defense of the statute of limitations, it was Robinson's burden to do so.

[3] Various terms are used for the required event: overturned, exonerated, invalidated, etc. All these terms in context mean that a final determination has been made that the person is no longer convicted of the crime and is not suffering a restraint or collateral consequences from it. I do not address the possibility of

Any person researching this issue should be familiar with a few cases to select the best procedure and the pertinent defenses to the most common arguments. The research should begin with Justice Craig Enoch's excellent discussion of the issue and succinct holding, set out above, in *Peeler v. Hughes & Luce*, 909 S.W.2d 494 (Tex. 1995). As applied to the facts of this case, *Peeler's* precedential value is not limited by Chief Justice Tom Phillips's concerns that there might be a circumstance when some particularly probative evidence could form the basis of a negligence action because there is no suggestion that type evidence is present in this proceeding. In *Peeler*, the attorney defending the suit chose a motion for summary judgment attacking causation to defeat the claims of the former client. The defense was a success.[4]

In a subsequent case, Senior Justice Don Wittig, sitting by assignment to a Houston Court of Appeals panel, had to address the procedural limitations and the need for the defendant, previously the plaintiff's criminal defense attorney, to raise the sole proximate cause issue in the procedural device selected. In *Golden v. McNeal*, 78 S.W.3d 488, 493 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd), Justice Witting noted that although the defendant raised the issue in an answer to the suit brought by his former client, the defendant did not raise the absence of causation as a ground in the defendant's traditional motion for summary judgment. Therefore, the Court could not use the absence of

---

clemency or a pardon. Because "overturned" is the last term used by the Supreme Court of Texas, it is the term used throughout the remainder of this concurring opinion other than in quotes.

[4] This case predated the no-evidence motion for summary judgment rule which would seem to be a much better procedural vehicle than a traditional motion for summary judgment where the burden to establish every element of a defense is on the movant.

causation to affirm the judgment; notwithstanding that if it had been raised as a ground in the motion for summary judgment, the trial court's judgment would have been affirmed. *Id*. The absence of causation was simply not available to affirm the judgment because, without having been a ground raised in the summary judgment motion, it could not have been the basis of the trial court's judgment. *Id*.

Another case that adds significantly to the analysis of a legal malpractice claim against a criminal defense attorney, whether it is brought as negligence, DTPA, breach of contract, or breach of fiduciary duty, is an excellent summary of the law in this area by Justice Evelyn Keyes in *Stallworth v. Ayers*, 510 S.W. 3d 187, 191-194(Tex. App.—Houston [1st Dist.] 2016, no pet). Justice Keyes first addresses the effort of the criminal defendant to fracture the claim and make it multiple causes of action and explains why that is not allowed in Texas. *Id*. at 190. Further, what is particularly noteworthy is that the criminal defense attorney had chosen to use a relatively new procedural tool, a Rule 91a motion to dismiss, as the procedural device to obtain a dismissal by showing that the inmate's claims had no basis in law or fact. *Id*. at 189.

Finally, a relatively recent proceeding also reviewing lack of causation and using Rule 91a was written by Justice Kevin Jewell in *Cooper v. Trent*, 551 S.W.3d 325 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). In that case, the Court concluded, "… Cooper's factual allegations, if true, and her claims, if successful, would necessarily imply the invalidity of her conviction. For that reason, and because Cooper's conviction has not been overturned or otherwise invalidated by a court, her allegations and claims are not cognizable and do not entitle her to the relief sought. As Cooper's claims lack basis in

law, the trial court did not err in granting Trent's Rule 91a motion to dismiss…." *Id.* at 327. What is unique about this claim is that it was asserted against the prosecutor by the convicted person, Cooper. The assertion of the lack of causation was still effective to obtain a dismissal because the attorney was able to show that the conviction had not been overturned. Cooper was still incarcerated for the crime she had committed, which was a relatively simple fact to show. Thus, Cooper was, as a matter of law, unable to establish proximate cause for any claim against the attorney involved in her criminal conviction.

### THE LIMITATIONS DEFENSE

We now turn back to the limitations defense, as used in this case, and the question of accrual versus tolling. The following excerpt is from one of the most often cited cases regarding a statute of limitations analysis by the Supreme Court of Texas:

> A cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990); *see also Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990) ("[A] cause of action can generally be said to accrue when the wrongful act effects an injury."). Today we are asked to decide whether, in a suit by an insured against its agent for negligent breach of the agent's duty to obtain insurance, the injury-producing event was the denial of coverage by the insurance company, or the final resolution of the coverage dispute by the courts. We hold that Kenneco sustained injury when coverage was denied and, therefore, limitations commenced on that date because **all facts required for a cause of action existed at that time**. *See Gilbreath v. White*, 903 S.W.2d 851, 856 (Tex. App.—Texarkana 1995, no writ) (holding that legal injury occurred for purposes of negligence action against insurance agent when insurance company rejected the claim); *see also Bush v. Ford Life Ins. Co.*, 682 So.2d 46, 47-48 (Ala. 1996); *Plaza Bottle Shop v. Al Torstrick Ins. Agency*, 712 S.W.2d 349, 350 (Ky. Ct. App. 1986).

*Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998) (emphasis added).

Now we must look to the law discussed above when reviewing a cause of action against a criminal defense attorney for legal malpractice. It is that overlay that will determine at what point in time "all facts required for a cause of action existed." Based on the law as articulated by the Texas Supreme Court in *Perry*, it appears that because the cause-in-fact prong of proximate cause, which is an element of a negligence claim, does not exist factually until the conviction is overturned, the cause of action does not exist until that point in time. If this is an accurate statement of the law, then Brantner's cause of action has not yet accrued; therefore, it cannot yet be barred by the statute of limitations because it has not begun to run; it necessarily has not expired.

Alternatively, the cause of action has accrued but limitations must be tolled until the conviction has been overturned. If this is an accurate statement of the law, then Brantner's cause of action has accrued, but the limitations period is tolled until his conviction is overturned, which has not yet occurred, and therefore, the statute of limitations has not expired.

The ultimate question then is when does the cause of action for attorney malpractice by a criminal defense attorney accrue? Does the cause of action against the criminal defense attorney accrue only when the conviction is overturned? Or does the cause of action accrue at the time of the attorney's malpractice but limitations is tolled

until the conviction is overturned? The answer may sometimes be important, but not in this case. Regardless of whether it has not yet accrued or whether it has accrued but is tolled until overturned, Robinson cannot establish the statute of limitations for Brantner's claim has expired.

In our brief history in time, we simply are not yet to the end of the limitations period. The limitations period might, or might not, have begun; but it has not *expired*. Thus, in either instance, Brantner's cause of action, if any, is not foreclosed by the defense of the statute of limitations.

### THE HORSE PICKED AND THE DANCE

In this type of case, as in most, the choice of procedural vehicles is important because the rules regarding our method of review are governed by the procedure used in the trial court. Failure to faithfully follow the procedure chosen in the trial court can lead to delay or defeat in the appellate court. Raising a limitations defense *via* a traditional motion for summary judgment requires a lot more effort and risk of procedural problems than raising a no-causation-as-a-matter-of-law defense *via* a Rule 91a motion to dismiss.

This brings us back to the wisdom of the generations that have gone before us. Be careful which horse you pick because you will have to ride it all the way to your destination. Robinson picked a motion for summary judgment. It is a good horse. It will work in this situation. But there may be other procedures that provide a smoother, more predictable ride.

But Robinson came to the dance with the statute of limitations as his dance partner. Robinson must continue to dance with the statute of limitations. Unfortunately for Robinson, at the American Bandstand, the statute of limitations has fallen on the dance floor and cannot get up.

Robinson's judgment determining his horse's dance to be the winner must, therefore, be reversed and this proceeding remanded to the trial court for further proceedings. Robinson did not ride the Lipizzans to the dance. He should have. I respectfully concur in the court's judgment.

TOM GRAY
Chief Justice

Concurring opinion delivered and filed August 14, 2019

